JOSEPH W. AYER, Respondent, *v.* NATHAN COLGROVE, Appellant.

*Seduction defined — damages for the seduction of the plaintiff's minor daughter — hearsay evidence — jury instructed to disregard the same — the conduct of the woman seduced subsequent to her seduction, cannot be inquired into.*

Seduction is the act of a man in inducing a woman to permit unlawful sexual intercourse with him; it may be accomplished by the use of seductive acts, such as flattery, solicitations, importunity and promises; and it is competent, upon the trial of an action brought to recover damages for the seduction of the plaintiff's infant daughter, for the plaintiff to show that his daughter was seduced by the defendant under his promise to marry her if anything happened.

Upon the trial of an action brought to recover damages for the seduction of the plaintiff's infant daughter, a witness sworn in behalf of the defendant testified that one Dr. Crandall informed him that he had the plaintiff's daughter in the family way.

*Held,* that it was proper for the court to instruct the jury upon the plaintiff's motion to strike out such testimony, that "the testimony of this witness is not to be considered by this jury as tending to show that this girl had had any relations with Dr. Crandall or with any other man. . It is as vicious as it can be, and it is to be utterly disregarded by this jury as tending to prove any facts in this case of that character," inasmuch as the evidence was incompetent.

Upon the trial of such action the defendant offered to show that the plaintiff's daughter had illicit intercourse with a person other than the defendant at a time after the alleged seduction, but before the plaintiff's daughter became pregnant.

*Held,* that such offer was properly excluded, unless the time to which it related was within the period of gestation, in which case it would have been proper as tending to show that the pregnancy might have occurred in consequence of such connection.

Upon the trial of an action brought to recover damages for the seduction of the plaintiff's minor daughter, the conduct of the woman seduced subsequent to her seduction cannot be inquired into for the purpose of affecting her character or in mitigation of damages; if the defendant accomplished her seduction and ruined her reputation, he cannot complain of her subsequent conduct, for it may well be attributed to his original wrong.

APPEAL by the defendant, Nathan Colgrove, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 12th day of November, 1891, upon the verdict of a jury for $1,600, rendered after a trial at the Allegany Circuit, and also from the order entered in said clerk's office on the 10th day of August, 1892, denying the defendant's motion for a new trial made upon the minutes.

*H. H. Relyea,* for the appellant.

*G. W. Harding,* for the respondent.

HAIGHT, J. :

This action was brought to recover damages for the seduction of the plaintiff's infant daughter. The evidence given on behalf of the plaintiff tends to show that his daughter Ella was of the age of seventeen years and was living in defendant's family as a servant; that in the month of February, 1887, she was seduced by and had intercourse with him under the representation that if she would let him have his wish, if anything happened he would marry her; that such intercourse thereafter continued until the twenty-second day of November, at which time she became pregnant, and was thereafter delivered of a child on the 9th day of August, 1888.

Whilst it may not be material or competent to prove that there was an existing contract of marriage between the defendant and Ella, we think it was proper to show that such a promise was made in order to accomplish the seduction. Seduction is the act of the man in inducing the woman to permit unlawful sexual intercourse with him. This may be accomplished by the use of seductive arts such as flattery, solicitation, importunity and promises.

On the trial one Stewart was sworn as a witness for the defendant, and testified that one Dr. Crandall informed him that he had this girl in the family way. The plaintiff's counsel asked the court to strike the testimony out. The court did not strike it out, but instructed the jury that " the testimony of this witness is not to be considered by this jury as tending to show that this girl had had any relations with Dr. Crandall or with any other man. It is as vicious as it can be, and is to be utterly disregarded by this jury as tending to prove any facts in this case of that character." An exception was taken by the defendant to these remarks. We think the instruction was proper. The evidence was certainly incompetent. It was an attempt to establish that this girl had had improper relations with Dr. Crandall, not by testimony, but by the hearsay declarations of a person not under oath. It was vicious in this respect, and it was the duty of the court to instruct the jury to disregard it.

The defendant offered to show by one Butler and a Mrs. Martin that in September, 1887, Ella had illicit intercourse with Butler at a

FIFTH DEPARTMENT, OCTOBER TERM, 1894.          [Vol. 81.

·hotel in Portageville. This evidence was excluded, and an exception was taken. The time to which this offer relates was after the alleged seduction and before she became pregnant. It was not within the period of gestation. If it had been it would have been proper, as tending to show that the pregnancy might have occurred in consequence of such connection. But not being within the period within which the child could have been begotten, it was only material upon the question of the girl's character, and it is well settled that her conduct subsequent to the seduction cannot be inquired into for the purpose of affecting her character or in mitigation of damages. If she was chaste and virtuous prior to the time that the defendant accomplished her seduction and ruined her reputation, he cannot complain of her subsequent conduct, for it may well be attributed to his original wrong.

In the case of *Boyce* v. *The People, etc.* (55 N. Y. 644–646), similar evidence was offered and excluded. ALLEN, J., in delivering the opinion of the court, says: " The rejection could be sustained upon the ground that the offer was not limited to show any illicit intercourse at a time when the child could have been begotten, and was, in effect, simply to show that after the alleged seduction she had been guilty of fornication with another person, which was clearly incompetent."

In *Holcomb* v. *Tuttle* (79 Ill. 409–414) similar evidence was offered, and it was said in reference thereto : " In this class of cases an innovation has been made on the strict rules of cross-examination so far as to permit the defendant to ask the woman whether, within the period of gestation, she has had intercourse with other men, for the purpose of overcoming the probability of accused being the father." The evidence offered was held to be incompetent. (See *Kenyon* v. *The People*, 26 N. Y. 203 ; Wood Mast. & Serv. [1st ed.] 497 ; 5 Wait's Act. & Def. 670 ; *White* v. *Murtland*, 71 Ill. 250–264 ; *Shewalter* v. *Bergman*, 123 Ind. 155.)

In *Young* v. *Johnson* (123 N. Y. 226) the evidence of the misconduct of the plaintiff was before the alleged assault was made upon her, and it was, therefore, proper.

The judgment and order appealed from should be affirmed.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

Judgment and order appealed from affirmed.