## PRIBOTH v. HAVERON.

No. 3601.   Opinion Filed March 24, 1914.

(139 Pac. 973.)

1. **RAPE—Civil Liability.** Rape of a female gives her a cause of action for damages against the perpetrator.

2. **SAME—Right of Action.** A civil action to recover damages for an assault may be maintained by or in behalf of a female under the age of sixteen years, where the assault upon her is committed in such manner and under such circumstances as to constitute statutory rape.

3. **SAME.** A female under the age of sixteen years is incapable of consenting to sexual intercourse, and sexual intercourse with such person, with or without her consent, constitutes rape, under section 2414, Rev. Laws 1910.

(Syllabus by Galbraith, C.)

*Error from District Court, Tillman County;*
*J. T. Johnson, Judge.*

Action by Oma Agnes Haveron, by her father and next friend, M. H. Haveron, against A. F. Priboth. Judgment was for the plaintiff, and the defendant brings error. Affirmed.

*John S. Burger,* for plaintiff in error.

*Mounts & Davis* and *Gray & McVay,* for defendant in error.

Opinion by GALBRAITH, C. Oma Agnes Haveron, by her father and next friend, commenced this action in the district court of Tillman county against A. F. Priboth to recover damages for a felonious assault alleged to have been committed against her person. The defendant filed a general denial. There was a trial before the court and a jury, and verdict returned for the

plaintiff for the sum of $4,375. From the judgment rendered upon this verdict, the defendant perfected an appeal to this court by petition in error and case-made.

While there are some eighteen assignments of error set out in the petition in error, but one question is seriously argued in the brief, and this, as stated in the brief of counsel for plaintiff in error, is as follows:

"We have presented but one question to this court, which is materially raised by the record, and that is that, in the state of Oklahoma, a woman cannot maintain an action in her own name, or in the name of any one else for the use and benefit, for her seduction."

The other assignments set out in the petition in error are waived by the failure of counsel to urge them in his brief. It is only necessary for us to consider this one question in deciding this case. This question was raised first by a demurrer to the petition, and again by an objection to the introduction of testimony at the commencement of the trial, and again by a demurrer to the evidence at the close of plaintiff's evidence.

The gravamen of the charge is set out in the third paragraph of the petition. It having been alleged in a preceding paragraph that the plaintiff was not the wife of the defendant, and that her sixteenth birthday occurred on the 28th day of March, 1909, this paragraph charges:

"The plaintiff further states that, prior to the 28th day of April, the said defendant, about the 1st day of March, 1909, and on various times before and after that time, and prior to the 28th day of April, 1909, well knowing that the said Oma Agnes Haveron was a young girl, and of that age that did not permit or allow her to know the seriousness of the act, and know the consequences thereof, did willfully, unlawfully, and maliciously seduce, debauch, and carnally know the said Oma Agnes Haveron, and that, by reason of the premises, the said Oma Agnes Haveron did become pregnant and sick with child, and so remained until about the 6th day of December, 1909, at which time said child was born, and is now living and being maintained and supported by plaintiff and her father."

These allegations are fully sustained by the testimony of the plaintiff; in fact, they are not denied. The defendant was not present at the trial, and did not testify. The case was submit-

ted to the jury by the court on the theory that, if the defendant had sexual intercourse with the plaintiff, and she became pregnant, and afterwards gave birth to a child, being under sixteen years of age, and not being the wife of the defendant, she was entitled to recover, and it further announced the proper rule for measuring the damages she had sustained, should they find for the plaintiff.

The plaintiff in error is wrong in his contention as to the law. The petition did state facts sufficient to constitute a cause of action, and the evidence fully supported the allegations of the petition.

The law is settled in this state that a civil action for damages for statutory rape may be maintained. In the case of *Watson v. Taylor,* 35 Okla. 768, at page 774, 131 Pac. 922, at page 925, the court said:

"Moreover, our statute provides (section 2353, Comp. Laws 1909 [Rev. Laws 1910, sec. 2414]) that all that is required to constitute the crime of rape is an 'act of sexual intercourse accomplished with a female, not the wife of the perpetrator. *** Where the female is over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character.' The language of the statute is clear and unambiguous. It clearly eliminates the elements of consent and resistance from the case of an assault upon the class of females therein described. Its manifest purpose is to throw a protecting mantle about the female children of this state within certain ages, which the hand of the libertine may not withdraw except at his peril. The statute, in effect, says that chastity is such a precious gem in the crown of maidenly graces that it cannot be stolen or removed therefrom even with the consent of the wearer, without offending the majesty of the law. To prove that the female consented will not mollify the statute; neither should it avail as a defense to a civil action for damages for an assault upon her committed in such manner and under such circumstances as to constitute rape as defined by the statute."

The Criminal Court of Appeals said in the case of *Lee v. State,* 7 Okla. Cr. 141, at page 148, 122 Pac. 1111, at page 1114:

"Carnal knowledge of a female child under sixteen years of age is rape under our statute, with or without the use of force, no matter what may be the circumstances, and the question of consent is wholly immaterial; whether the prosecutrix submitted to the acts of the defendant in ignorance of his criminal intent,

or whether she exercised a positive will, and consented or sub-
mitted to what the defendant did, with full knowledge that his
purpose and intent was to have carnal connection with her, is
immaterial.    The prosecutrix, being under the age of consent,
was conclusively incapable of legally consenting to an assault
with intent to have carnal knowledge of her.    Every attempt to
commit a felony against the person involves an assault; and, if
the acts of the defendant, done in furtherance of a purpose to
have carnal knowledge of the prosecutrix, constituted an assault
to commit rape, if done without her consent, then no act of hers
could waive such assault.    That there may be an assault with
intent to commit rape upon a consenting female, where she is
under the age of consent, on the ground that in law she cannot
consent to such an assault, is held in the following cases: *People
v. Johnson,* 131 Cal. 511, 63 Pac. 842; *Gibbs v. People,* 36 Colo.
452, 85 Pac. 425; *Territory v. Keyes,* 5 Dak. 244, 38 N. W. 440;
*Schang v. State,* 43 Fla. 561, 31 South. 346; *Hanes v. State,*
155 Ind. 112, 57 N. E. 704; *State v. Johnson,* 133 Iowa, 38, 110
N. W. 170; *Com. v. Roosnell,* 143 Mass. 32, 8 N. E. 747; *People
v. Chamblin,* 149 Mich. 653, 113 N. W. 27; *State v. Wray,* 109
Mo. 594, 19 S. W. 86; *Liebscher v. State,* 69 Nev. 395, 95 N. W.
870, 5 Ann. Cas. 351; *State v. Jackson,* 65 N. J. Law, 105, 46
Atl. 764; *Singer v. People,* 75 N. Y. 608; *State v. Dancy,* 83
N. C. 608; *State v. Sargent,* 32 Ore. 110, 49 Pac. 889; *Croomes
v. State,* 40 Tex. Cr. R. 672, 51 S. W. 924, 53 S. W. 882; *State
v. Clark,* 77 Vt. 10, 58 Atl. 796; *Glover v. Commonwealth,* 86
Va. 382, 10 S. E. 420; *State v. Hunter,* 18 Wash. 670, 52 Pac.
247; *Loose v. State,* 120 Wis. 115, 97 N. W. 526; *Ross v. State,*
16 Wyo. 285, 93 Pac. 299, 94 Pac. 217; Cyc. vol. 33, p. 1434,
footnote 51.    See, also, volume 2, Am. & Eng. Ency. L. (2d Ed.)
p. 987, and page 361, vol. 1 of Supp., and cases cited in the foot-
notes."

Under these authorities, the contention made by the plaintiff
in error cannot be sustained, and the assignment argued should
be overruled.

After a careful reading of the record in this case, we are con-
vinced that the cause was fairly submitted to the jury, and that
the verdict was justified and is amply supported by the evidence,
and that the judgment appealed from should be affirmed.

By the Court:    It is so ordered.