IVA COLLY, by Guardian, Plaintiff, *v.* ANTHONY THOMAS, Defendant.

(Supreme Court, Erie Trial Term, February, 1917.)

Damages — for seduction — when promise to marry will not defeat a recovery — trial — actions.

> Where defendant admits that on a number of occasions he had illicit sexual intercourse with plaintiff when she was under eighteen years of age she is entitled to recover damages for the seduction, and an allegation that defendant accomplished his purpose by a promise of marriage will not defeat a recovery.
>
> A charge to the jury that if plaintiff was under eighteen years of age and defendant had sexual intercourse with her as admitted, a cause of action was made out and she was entitled to recover is not erroneous though defendant denied the promise to marry plaintiff.

MOTION for a new trial after a verdict by a jury in favor of the plaintiff.

Thomas E. Boyd and John Duchmann, Jr., for plaintiff.

William C. White and Wallace Thayer, for defendant.

WHEELER, J.  The action was brought to recover damages for a seduction of the plaintiff by the defendant under an alleged promise of marriage.

It is unnecessary in this opinion to detail all the facts and circumstances developed on the trial, attending the seduction of the plaintiff.  For the purposes of this motion, it is sufficient to say that the defendant admitted he had taken the plaintiff, a young girl of about sixteen years of age, to a rooming house in the city of Buffalo, and there had had illicit sexual relations with her on a number of occasions.

The complaint alleged that the defendant had accomplished his purpose by a promise of marriage.  The making of any such promise the defendant denied.

The court nevertheless charged the jury that if the plaintiff was under eighteen years of age, and the defendant had sexual intercourse with her as admitted, that a cause of action was made out, and the plaintiff was entitled to recover.

To this instruction defendant's counsel took exception.

The main question, therefore, is, did the trial court err in the instructions given.

Section 2010 of the Penal Law provides that: "A person who perpetrates any act of sexual intercourse with a female, not his wife, under the age of eighteen years,  *  *  *  is guilty of rape in the second degree."

This provision fixes the age of legal consent under the law of this state, and until the age of eighteen has

been reached, a woman is incapable of legal consent to sexual intercourse.

Section 1743 of the Code of Civil Procedure authorizes the bringing of actions to annul a marriage where " one or both of the parties had not attained the age of legal consent."

Section 1744 authorizes such an action to be maintained by the infant, or by either parent of the infant, or by the guardian of her person.

It will thus be seen that the statute which the defendant confesses violating was enacted not only for the protection of the public, but for the benefit and protection of those members of the community whose inexperience and lack of mature judgment would not sufficiently protect and guard them against the wiles of designing and unscrupulous men.

We are of the opinion, therefore, that the violation of the Penal Law of the state gave the plaintiff a cause of action against the defendant.

It is not necessary that that statute expressly give a civil remedy for its violation in addition to the criminal punishment prescribed. Judge Cooley, in his work on Torts (3d ed.), lays down the general rule which obtains in such cases, as follows: " When the duty imposed by statute is manifestly intended for the protection and benefit of individuals, the common law, when an individual is injured by a breach of duty, will supply a remedy, if the statute gives none." 1408.

At page 1401, the same learned writer says: " If the duty imposed by statute is obviously meant to be a duty to the public, and also to individuals, and the penalty is made payable to the state, or to an informer, the right of the individual injured to maintain an action on the case for a breach of duty owing him is unquestioned." Citing numerous cases.

Section 1899 of the Code of Civil Procedure expressly declares that: "Where the violation of a right admits of a civil and also of a criminal prosecution, the one is not merged in the other.

Under the common law a woman seduced could not maintain an action herself against her seducer. *Graham* v. *Wallace,* 50 App. Div. 102, and cases cited.

There are, however, certain recognized exceptions to the general rule, as where the seduction is accomplished under promise of marriage, or brought about by force or threats. *Brown* v. *Kingsley,* 38 Iowa, 220; *Dean* v. *Raplee,* 145 N. Y. 319; *Ayer* v. *Colgrove,* 81 Hun, 322.

The theory of the old common law was that by consenting to the seduction the woman was barred from maintaining an action for the wrong done. Therefore it was that in the case of minors the law permitted parents and guardians to maintain actions against wrongdoers for the loss of services of the minor. The theory of loss of services was largely a legal fiction, for in such actions damages might also be awarded by way of compensation for wounded feelings, mental suffering, destruction of domestic peace, and shame and disgrace cast upon him and his family.

When, however, we come to consider this case, we find that by the provisions of the Penal Law the age of consent has been raised to eighteen years, and until that age has been reached a female is, by law, incapable of legal consent to sexual intercourse, and it is declared "rape" for a person to have intercourse with a woman under eighteen, whether voluntary on her part or not. In contemplation of law, such a consent on the part of one under eighteen is no consent. *Graham* v. *Wallace,* 50 App. Div. 101–108.

The above case is quite in point. There the right of an infant to maintain an action against her guardian,

for seduction, in her own right was sustained; the court holding that by reason of the trust relation which the guardian sustained toward his ward he owed her such a duty that he could not take advantage of her consent to have illicit relations with her. The court said: " The ward cannot waive performance of this duty or surrender these rights of protection. When the guardian thus betrays his trust and ruins the morals, the character and reputation of his ward, he should not be heard to say in a court of justice, by way of legal excuse or justification for the seduction, that the ward was capable of consenting. *Consent obtained under such circumstances is no consent and should stand for naught.* It is essential to the preservation and enforcement of the ward's right of protection in her chastity and virtue that a violation of this right by her guardian should not pass with impunity, but that it should be vindicated and the seducer punished on the civil as well as on the criminal side of the court."

We think the case above cited, although somewhat different in its facts, fully sustains the correctness of the charge of the court given the jury in this case.

As was said by Vann, J., in *Kujek* v. *Goldman,* 150 N. Y. 178: " While no precedent is cited for such an action, it does not follow that there is no remedy for the wrong, because every form of action when brought for the first time must have been without a precedent to support it. Courts sometimes of necessity abandon their search for precedents and yet sustain a recovery upon legal principles clearly applicable to the new state of facts, although there was no direct precedent for it, because there had never been occasion to make one."

The defendant in this case was confessedly guilty of rape. Judge O'Brien said in *Dean* v. *Raplee,* 145 N. Y. 324, referring to cases of this character, and of the

right of the seduced to maintain actions for wrongs thus sustained: "There are cases that seem to hold that a civil action of this kind based upon a charge such as is set forth in the complaint in this action may be maintained upon evidence such as might not be sufficient to warrant a conviction upon a criminal charge of rape * * *. The principle was necessarily involved in the case of *Young* v. *Johnson* (46 Hun, 164), which was affirmed in this court (123 N. Y. 226)." See also the opinion rendered in the above case in the General Term, by Mr. Justice Bradley. *Dean* v. *Raplee,* 75 Hun 389.

Here the case presented is admittedly one of criminal assault or rape.

We think the courts should be zealous to protect the rights of young and inexperienced girls placed as the plaintiff was, and to sustain actions for such wrongs in the interest of right and justice, and that the defendant should not escape liability for his acts by appeal to an ancient fiction of the law which we have seen should have no application to the facts and conditions of the law as it now stands.

The argument is made by the defendant that the allegations and theory of the complaint are that the plaintiff's seduction was obtained by means of a promise of marriage, and therefore the plaintiff ought not to be permitted to recover upon any other theory. Nevertheless, if the plaintiff is entitled to recover upon the theory outlined in the foregoing opinion, all the essential facts for such a recovery are stated in the complaint; and, in our opinion, the fact that the complaint alleges the additional fact of a promise to marry cannot and ought not to defeat a recovery.

For these reasons, the defendant's motion for a new trial is denied.

Motion denied.