Bishop v. Liston.

---

BLANCHE M. BISHOP, APPELLEE, v. CHARLES A. LISTON, APPELLANT.

FILED JULY 31, 1924. No. 22871.

1. **Rape:** CIVIL LIABILITY. If a male person over the age of 18 years has carnal knowledge of a previously chaste maiden under the age of 18 years, he is liable to her, in a civil action, for such damages as she may sustain as the proximate result of such unlawful act.

2. ———: ———: DAMAGES. In an action by a female to recover damages for her defilement under circumstances which, in law, would constitute a rape, and where such wrongful act has resulted in her giving birth to a child, loss of social standing is a proper element of damages.

3. **Appeal:** REFUSAL OF INSTRUCTION. It is not error to refuse an instruction, the substance of which is embodied in the charge by the court on its own motion.

4. **Rape:** EVIDENCE. In a civil action for the recovery of damages for rape, it is proper for the plaintiff to testify that she told others of the wrongful act immediately, or very soon, after its occurrence.

APPEAL from the district court for Lincoln county: J. LEONARD TEWELL, JUDGE. *Affirmed.*

*Beeler, Crosby & Baskins* and *Stewart, Perry & Stewart,* for appellant.

*Halligan, Beatty & Halligan, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD and THOMPSON, JJ., and BLACKLEDGE, District Judge.

GOOD, J.

Plaintiff recovered a judgment for damages for felonious assault, committed on her person by defendant, and the latter has appealed.

In her petition plaintiff alleged, in substance, that on the night of September 5, 1920, while she was an over-night guest at the home of defendant and sleeping in a room by herself, defendant wrongfully and forcibly entered her room through a window and, without her consent, made an assault upon her and carnally knew her; that by reason thereof she became pregnant and will in due time give birth to a child, and that at said time she was 17 years of age, chaste and unmarried. Defendant's answer was a general denial. The case was submitted to the jury upon the theory that the rape was accomplished without force. There was a verdict for the plaintiff in the sum of $7,000 and judgment thereon.

There are numerous assignments of error, but they may be grouped and disposed of under five heads, the first of which is that the evidence is insufficient to warrant the finding that the defendant committed the assault complained of.

From the record it appears that defendant owned and lived upon a ranch in Lincoln county, Nebraska; that plaintiff's parents lived in one of defendant's houses, quite near defendant's home, and that her father was in the employ of defendant; that plaintiff was frequently at the home of defendant; sometimes was employed as a domestic by some of the families in the neighborhood, and that on a number of occasions defendant took her in his car to her place of employment and back to her home. Plaintiff testified that on a number of these occasions defendant made indecent proposals, which were spurned; that on the night in question, at the request of Mrs. Stoetzel, who was employed by defendant, plaintiff stopped over night at defendant's home; that she occupied a room alone, and that during the night defendant entered her room through a window and accomplished his purpose; that on May 29, 1921, plaintiff gave birth to a fully developed child.

Defendant is a married man, 51 years of age, and of large stature. On the witness-stand he denied that he had made indecent proposals to plaintiff, or that he had entered her room, or had ever carnally known her. Plaintiff testified that on the night in question the window in her bedroom was open to its full height and that the next morning the screen was hanging by hinges or hooks at the top and unfastened at the bottom. The evidence on behalf of defendant was to the effect that the woodwork of the bedroom, occupied by plaintiff, had been painted during the latter part of the previous July; that, at that time, the window was raised six or eight inches, and that the paint caused the sash to adhere to the window frame or casing, so that it could not be raised or lowered from that position, and that it remained in this condition until the latter part of the following December; that the screen was securely fastened from the inside, and that it was utterly impossible for the defendant, under the circumstances, to have entered, through the window, the room occupied by plaintiff.

Whether the screen was securely fastened from the inside and whether the window was raised to its full height, as claimed by plaintiff, or was stuck at a height of six or eight inches, so that it could be neither raised nor lowered, and whether defendant entered the room through the window and committed the assault on plaintiff, are all questions of fact that were properly submitted to the jury upon conflicting evidence. Under such circumstances, their verdict is conclusive.

Defendant's second proposition is that, under the common law, which he asserts is in force in this state, as, applied to actions of this character, a civil action for damages will not lie, where there is consent on the part of the female; that the maxim *volenti non fit injuria* applies; that plaintiff, having consented to her defilement, is precluded from recovering damages therefor. It is doubtless true that at common law an adult female could not recover where she consented to her ravishment, but the conduct of plaintiff short of consent was no justification. 33 Cyc.

1521, and the cases there cited. Section 3085, Comp. St. 1922, provides: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed by the legislature of this state, is adopted and declared to be law within the state of Nebraska."

This does not signify, however, that the common law is in full force and effect in Nebraska. If it is inapplicable to our needs and conditions, or conflicts with constitutional or statutory provisions, it is not in force. At common law, rape was the unlawful carnal knowledge of a woman over the age of ten years, forcibly and without her consent, or such carnal knowledge of a female child under the age of ten years, either with or without her consent, but this has been modified by statute in Nebraska. Section 9551, Comp. St. 1922, provides in part as follows: "Whoever shall have carnal knowledge of any other woman, or female child, than his daughter or sister, as aforesaid, forcibly and against her will; or if any male person, of the age of eighteen years or upwards, shall carnally know or abuse any female child under the age of eighteen years, with her consent, unless such female child so known and abused is over fifteen years of age and previously unchaste, shall be deemed guilty of a rape." The evidence in this case discloses that the plaintiff was under the age of 18 years and was previously chaste, and that defendant was above the age of 18 years, to wit, 50 years, at the time the offense was committed. It follows that the act constituted rape within the meaning of the Nebraska statute.

Defendant, however, contends that it was not the intent or purpose of the legislature, in changing the criminal law, to enlarge the civil liability in that respect. The precise question has not been decided by this court.

The question of the civil liability of a male person for having carnal knowledge of a female of such tender years as to constitute rape, regardless of the fact that she may not have resisted her defilement, has been before the courts

of New York, Oklahoma, Oregon and Texas, and in all those states the ravisher is held liable. *Dean v. Raplee,* 145 N. Y. 319; *Boyles v. Blankenhorn,* 153 N. Y. Supp. 466; *Priboth v. Haveron,* 41 Okla. 692; *Watson v. Taylor,* 35 Okla. 768; *Hough v. Iderhoff,* 69 Or. 568; *Altman v. Eckermann,* 132 S. W. (Tex. Civ. App.) 523. In all those states, like our own, the common law, so far as applicable and except as modified or abrogated by constitutional or statutory provisions, is in force. Our attention has not been called to, nor in our search have we found, any decision holding to the contrary, where a similar condition as to the statutory definition of rape prevails. The purpose of the legislature in changing the common law, as to the facts necessary to constitute rape, was to protect the virtue and chastity of female children of tender years who have not attained such a degree of mental development as to fully comprehend and realize the nature and effect of the immoral and unlawful act. The statute says that up to a certain age they are incapable of giving consent to the violation of their persons, with the consequent degradation, humiliation and shame, to which it will subject them. It further says to the libertine, who would rob a virtuous maiden, under the age of 18 years, of the priceless and crowning jewel of maidenhood, that he does so at his peril. There was no consent to the wrongful act of defendant because plaintiff was not legally capable of consent. His liability is the same as if he had accomplished his vile purpose by force and violence.

We therefore hold that if a male person, above the age of 18 years, has carnal knowledge of a previously chaste maiden, under the age of 18 years, he is liable to her, in a civil action, for such damages as she may sustain as the proximate result of such unlawful act.

Defendant complains because the jury were instructed, in determining the amount of plaintiff's recovery, if any, to consider her loss of social standing resulting from the wrongful act complained of. Defendant contends that loss of reputation or social standing is not a proper element of

damages in cases of this character, and cites, as sustaining this view, *Atkins v. Gladwish,* 25 Neb. 390, and 33 Cyc. 1525. *Atkins v. Gladwish, supra,* is the only case cited as sustaining the text in Cyc. That case was one to recover damages for indecent assault. Over objection, plaintiff was permitted to prove that defendant, both before and after the assault, had made defamatory remarks to others concerning her, and in the instruction the jury were directed to consider these remarks. While the language of the learned jurist writing the opinion might indicate that loss of reputation or social standing was not a proper element of damages in cases of this character, we think it evident, from a careful reading of the opinion, that what he sought to condemn was permitting a recovery for loss of reputation resulting from the slanderous utterances which had not been charged as a part of plaintiff's cause of action. We think that loss of social standing resulting from the criminal assault was not under consideration.

In the instant case, plaintiff alleged, as an element of damages, the loss of social standing. It must not be overlooked that as a result of defendant's wrongful act plaintiff is the mother of a bastard child. This fact is known to the people of the community. No argument is required to make it plain that her social standing has been seriously and injuriously affected. Sound reasoning and authority justify a recovery for the loss of social standing, where the female has been forcibly ravished and the fact is known to the public. *Kurpgeweit v. Kirby,* 88 Neb. 72; *Wolf v. Trinkle,* 103 Ind. 355; *Kelley v. Kelley,* 8 Ind. App. 606; *Valencia v. Milliken,* 31 Cal. App. 533. As heretofore pointed out, the law rendered plaintiff, because of her youth and consequent immature judgment and understanding, incapable of consent. Her right to recover for loss of social standing is the same as if she had resisted her ravishment.

Defendant alleges error in the refusal of the court to give an instruction by him requested, to the effect that plaintiff could not recover unless the jury found from the evidence that the assault occurred at the time, place, in the

manner, and under the circumstances as testified to by plaintiff. The court in one of its instructions set forth in detail the time, place and manner in which the assault was alleged to have occurred, and, as a condition to plaintiff's recovery, told the jury they should find that the assault must have occurred substantially as alleged, and by another appropriate instruction told the jury not to guess or speculate that any other facts might have taken place or existed, except such as were proved or might be properly inferred from the evidence. The charge to the jury should be considered as a whole, and, when so considered, the alleged error seems to be groundless.

Defendant urges that error was committed in permitting plaintiff, over objection, to testify that on the morning following the assault she related the fact to Mrs. Stoetzel. She did not detail the conversation, but simply testified that she had told her of the outrage. Cases cited by defendant in support of his contention are to the effect that a defendant cannot insist on such fact being submitted to the jury in a criminal case, where a rape was committed without force, and that it is not proper to admit such evidence in cases where prosecutrix does not take the witness-stand. The authorities cited are not in point. That such evidence is admissible is the general rule, and is sustained by ample authority. *Wood v. State,* 46 Neb. 58; *Welsh v. State* 60 Neb. 101; *Henderson v. State,* 85 Neb. 444; *Totten v. Totten,* 172 Mich. 565; *Gardner v. Kellogg,* 23 Minn. 463.

No error is found. Judgment

AFFIRMED.

Note—See Rape, 33 Cyc. pp. 1521, 1523, 1525.