(108 So. 2)

### GAITHER v. MEACHAM. (7 Div. 590.)

(Supreme Court of Alabama. March 25, 1926.)

**1. Rape ☞65—Illicit intercourse with girl under 16 years is a civil tort, to which she cannot consent, and as to which she cannot be in pari delicto (Code 1923, §§ 5410, 5411).**

Illicit intercourse with a girl under 16 years, in violation of Code 1923, §§ 5410, 5411, is a civil tort, to which she is incapable of giving consent, and as to which she cannot be in pari delicto, so that her consent vel non is immaterial in civil action for damages.

**2. Rape ☞67—In assessing damages for illicit intercourse with girl under age of consent, voluntary character of intercourse and prior intercourse with others and all circumstances may be considered on question of punitive damages, and prior intercourse with others on actual damages, from mortification.**

In assessing damages for illicit intercourse with girl under age of consent, nonresistance, voluntary character of intercourse, meeting by prearrangement for the purpose, and prior intercourse with other men and all the circumstances may be considered on the question of punitive damages, and prior intercourse with other men, on the question of actual damages, arising from mortification.

**3. Rape ☞65—In action for illicit intercourse with girl under age of consent, prior intercourse with other men is no defense to recovery of actual damages.**

In action for illicit intercourse with girl under the age of consent, prior intercourse with other men is no defense to the recovery of actual damages.

**4. Rape ☞67—Physical pain and mental anguish, including humiliation, are elements of damage in action for illicit intercourse with girl under age of consent.**

Physical pain and mental anguish, including humiliation and embarrassment by the severance of social relations, are elements of damage in an action for illicit intercourse with a girl under the age of consent.

**5. Rape ☞67—Committal of plaintiff to state institution for delinquency held proper to be considered on question of damages in action for illicit intercourse with girl under age of consent.**

Committal of plaintiff to state institution for delinquency *held* proper to be considered on

question of damages in action for illicit intercourse with girl under age of consent, under evidence affording ground for inference that defendant contributed to the delinquencies for which she was committed.

**6. Rape** ⬅️**66.**

Affirmative charge *held* properly given, where evidence in action for damages for illicit intercourse with girl under age of consent was without conflict.

**7. Rape** ⬅️**66.**

Instruction that act was willful *held* not error in action for illicit intercourse with girl under age of consent.

**8. Rape** ⬅️**66.**

Instruction that jury might award punitive damages *held* not error in action for illicit intercourse with girl under age of consent.

**9. Rape** ⬅️**66—Court's defining the law and explaining elements of damage held not error in action for illicit intercourse with girl under age of consent, where evidence was without conflict.**

Defining law of case and explaining elements of damages *held* not error in action for illicit intercourse with girl under the age of consent, where evidence was without conflict.

Appeal from Circuit Court, Clay County; E. S. Lyman, Judge.

Action for damages by Key Meacham, suing by her next friend, Mrs. J. H. Meacham, against S. D. Gaither. Judgment for plaintiff, and defendant appeals. Affirmed.

A. L. Crumpton, of Ashland, for appellant.

An illegal or immoral transaction cannot be made the basis of an action by one who was a party thereto. Clark v. Colbert, 67 Ala. 92; Boyd v. Barclay, 1 Ala. 34, 34 Am. Dec. 762; Carrington v. Caller, 2 Stew. (Ala.) 175; Folmar v. Siler, 31 So. 719, 132 Ala. 297; Kirby v. Raynes, 35 So. 118, 138 Ala. 194, 100 Am. St. Rep. 39; Hausman v. Brown, 77 So. 993, 201 Ala. 331; Abbe v. Marr, 14 Cal. 210; Morrison v. Bennett, 52 P. 553, 20 Mont. 560, 40 L. R. A. 158; Haggerty v. St. Louis Ice Co., 44 S. W. 1114, 143 Mo. 247, 40 L. R. A. 151, 65 Am. St. Rep. 647; Knight v. Linzey, 45 N. W. 337, 80 Mich. 396, 8 L. R. A. 476; Dent v. Ferguson, 10 S. Ct. 13, 132 U. S. 65, 33 L. Ed. 242; McMullen v. Hoffman, 19 S. Ct. 839, 174 U. S. 639, 43 L. Ed. 1117; 1 Am. Dig. "Actions," § 4c; Riggs v. Palmer, 22 N. E. 188, 115 N. Y. 506, 5 L. R. A. 340, 12 Am. St. Rep. 819; Levy v. Kansas City, 168 F. 524, 93 C. C. A. 523, 22 L. R. A. (N. S.) 862. A person cannot recover for the consequences of an act which he himself procured or consented to. 1 C. J. 971; Birmingham R. Co. v. Allen, 13 So. 8, 99 Ala. 359, 20 L. R. A. 457; Scott v. Ford, 78 P. 742, 80 P. 899, 45 Or. 531, 68 L. R. A. 469; Goldnamer v. O'Brien, 33 S. W. 831, 98 Ky. 569, 36 L. R. A. 715, 56 Am. St. Rep. 378; Treadwell v. Torbert, 24 So. 54, 119 Ala. 279, 72 Am. St.

Rep. 918. If an act made criminal by statute is not actionable independently of statute, the criminal statute ordinarily gives no private right of action therefor. Mairs v. B. & O. R. Co., 76 N. Y. S. 838, 73 App. Div. 265; Ward v. Severance, 7 Cal. 126; Ware-Kramer v. Amer. Tobacco Co. (C. C.) 180 F. 160; Lloyd v. N. C. R. Co., 66 S. E. 604, 151 N. C. 536, 45 L. R. A. (N. S.) 378; Carlisle v. Mo. Pac., 68 S. W. 898, 168 Mo. 652. Remote damages cannot be recovered though specially alleged. Vandiver v. Waller, 39 So. 136, 143 Ala. 411; Trustees v. Turner, 71 Ala. 429.

Pruet & Glass, of Ashland, for appellee.

Plaintiff has a cause of action, and the question of consent is immaterial. Priboth v. Haveron, 139 P. 973, 41 Okl. 692; Dean v. Raplee, 39 N. E. 952, 145 N. Y. 319; Boyles v. Blankenhorn, 153 N. Y. S. 466, 168 App. Div. 388; Watson v. Taylor, 131 P. 922, 35 Okl. 768; Hough v. Iderhoff, 139 P. 931, 69 Or. 568, 51 L. R. A. (N. S.) 982, Ann. Cas. 1916A, 247; Bishop v. Liston, 199 N. W. 825, 112 Neb. 559; Ex parte Nesson, 125 N. W. 124, 25 S. D. 49, 27 L. R. A. (N. S.) 872; Toulet v. State, 14 So. 403, 100 Ala. 74; State v. West, 40 N. W. 249, 39 Minn. 321. Plaintiff was not an accomplice. Whittaker v. Comm., 27 S. W. 83, 95 Ky. 632. Loss of social standing is a proper element of damage. Bishop v. Liston, supra.

This case was submitted under Supreme Court rule No. 46, and the opinion for the court prepared by

BOULDIN, J. This is a civil suit in damages for having carnal knowledge of a girl over 12 and under 16 years of age. The controlling question is whether consent of a girl 15 years of age to enter into sexual intercourse with a man is, under our law, a defense to such action.

"Any person who has carnal knowledge of any girl over twelve and under sixteen years of age, or abuses such girl in the attempt to have carnal knowledge of her, must, on conviction, be punished at the discretion of the jury, by imprisonment in the penitentiary for not less than two nor more than ten years. This section, however, shall not apply to boys under sixteen years of age." Code, § 5411.

The same act committed upon a girl under 12 years of age is made capital felony. Code, § 5410. The statute is criminal. The complaint sets up the same facts made criminal by statute, but is not founded on the statute as such. The theory of the suit is that the statute raises the age of consent, negatives any possible consent in law, and renders the man guilty of an unlawful, felonious assault upon the girl, for which he becomes liable in a civil action of damages upon common-law principles. The case is of first im-

pression in this court. The same question has been decided in the following states: Oregon: Hough v. Iderhoff, 139 P. 931, 69 Or. 568, 51 L. R. A. (N. S.) 982, Ann. Cas. 1916A, 247. Oklahoma: Priboth v. Haveron, 139 P. 973, 41 Okl. 692; Watson v. Taylor, 131 P. 922, 35 Okl. 768. Texas: Altman v. Eckermann (Tex. Civ. App.) 132 S. W. 523. New York: Boyles v. Blankenhorn, 153 N. Y. S. 466, 168 App. Div. 388; Dean v. Raplee, 39 N. E. 952, 954, 145 N. Y. 319. Nebraska: Bishop v. Liston, 199 N. W. 825, 112 Neb. 559.

In these states, having carnal knowledge of a girl under the statutory age of consent is made rape. The constituents of the offense are the same as ours. Both are statutory felonies. The difference is in name only. With one accord these cases hold the defendant liable in a civil suit for damages without regard to any question of consent. We find no authority to the contrary, and none is cited in brief.

[1-3] Approving and following these decisions, we hold it is the policy of the law to protect the person of the girl of immature years and discretion against the lusts of men; that she is incapable of giving consent to illicit intercourse; it is as though she had no mind on the subject; the guilty man perpetrates a naked, unlawful, and felonious assault upon her, a civil tort as well as a crime; she cannot be in pari delicto; she is declared by law a victim. A civil action for damages accrues as if she were below the common-law age of consent. So far as affects the right of action, the question of consent vel non is wholly immaterial. In the assessment of punitive damages, all the circumstances of the case may be considered. Nonresistance, voluntary intercourse, meeting by prearrangement for the purpose, are proper matters of consideration in this connection. Prior intercourse with other men goes to this question, and also to that of actual damages by reason of mortification or shame occasioned by the defendant's act. But the wrongdoing of others is no defense against defendant's wrong, nor against recovery of actual damages resulting therefrom. All these matters were in evidence and submitted to the jury.

[4, 5] Physical pain and mental anguish, including humiliation and embarrassment by the severance of social relationships, are elements of recoverable damages. Bishop v. Liston, 199 N. W. 825, 112 Neb. 559. Among the elements of damage claimed was the committal of plaintiff to the Alabama Girls' Training School for delinquency soon after this intercourse. It appears in evidence that defendant pursued plaintiff for many months, inviting her, a chaste schoolgirl, to trade at his store on credit, making advances, sending notes, inviting her into his car, and finally picking her up and taking her to a remote place in the woods to accomplish his purpose.

These facts, presented in pleading and evidence, afforded ground for inference by the jury that defendant's conduct contributed to her breaking away from her mother's control and wandering in the streets at night, delinquencies for which she was committed to the Training School; that defendant's conduct and her incarceration in the Training School were related as cause and effect.

[6-9] The evidence being without conflict, an affirmative instruction being requested in writing and properly given, there was no error in the court's proceeding to define the law of the case, explaining the elements of damage to be considered, including the statement that the act was willful under the evidence, and the jury could award punitive damages in their discretion.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.