GRACE M. BARTON, an Infant, by FRANK W. BARTON, Her Guardian ad Litem, Appellant, v. BEE LINE, INC., Defendant.

Second Department, June 9, 1933.

*Thayer Chapman* [*Charles F. McGrath* with him on the brief], for the appellant.

*Stephen C. West,* for the respondent.

LAZANSKY, P. J.  Plaintiff appeals from an order setting aside the verdict of a jury in her favor and ordering a new trial.  Plaintiff, who was fifteen years of age at the time, claimed that while a passenger of the defendant, a common carrier, she was forcibly raped by defendant's chauffeur.  The chauffeur testified that she consented to their relations.  It was conceded that if the chauffeur assaulted plaintiff while a passenger, defendant became liable in damages for failure to perform its duty as a common carrier to its passenger.  The jury was charged that plaintiff was entitled to recover even if she consented, although consent might be considered in mitigation of damages.  She had a verdict of $3,000.  The court set the verdict aside on the ground that if plaintiff consented the verdict was excessive, while if she was outraged the verdict was inadequate.  The court is not disposed to interfere with this exercise of discretion.  The determination of the trial court was warranted for another reason which may be considered, since the verdict was set aside upon the other grounds set forth in section 549 of the Civil Practice Act as well as upon the ground that it was excessive.

It was error for the trial court to have instructed the jury that plaintiff was entitled to a verdict even if she consented to consort with the chauffeur.  By the last paragraph of subdivision 5 of section 2010 of the Penal Law it is provided: " A person who perpetrates an act of sexual intercourse with a female, not his wife, under the age of eighteen years, under circumstances not amounting to rape in the first degree, is guilty of rape in the second degree, and punishable with imprisonment for not more than ten years."  Under this subdivision a crime is committed even if the female consents.  The effect of the charge of the court was that the provisions of the act are made the basis of a civil liability.  The age limitation has been changed from time to time.  At first it was ten years, then sixteen, now eighteen.  There can be no doubt that the purpose of the legislative enactments was and is to protect the virtue of females and to save society from the ills of promiscuous intercourse.  A female over eighteen who is ravished has a cause of action against her assailant.  (Civ. Prac. Act, § 9.)  Should a consenting female under the age of eighteen have a cause of action if she has full understanding of the nature of her act?  It is one thing to say that society will protect itself by punishing those who consort with females under the age of consent; it is another to hold that, knowing the nature of her act, such female shall be rewarded for her indiscretion.  Surely public policy — to serve which the statute was adopted — will not be vindicated by recompensing her for willing participation in that against which the law sought to protect her.  The very object of the statute will be frustrated if by a material

return for her fall " we should unwarily put it in the power of the female sex to become seducers in their turn." (*Smith* v. *Richards*, 29 Conn. 232.) Instead of incapacity to consent being a shield to save, it might be a sword to desecrate. The court is of the opinion that a female under the age of eighteen has no cause of action against a male with whom she willingly consorts, if she knows the nature and quality of her act. (See *People* v. *Nelson*, 153 N. Y. 90.) *Graham* v. *Wallace* (50 App. Div. 101) is not to the contrary. Society is adequately protected by the criminal statute and an award of damages to the guardian of the infant. If the chauffeur is not liable in damages, then defendant is not.

The court is not in accord with the views expressed in *Boyles* v. *Blankenhorn* (168 App. Div. 388) and *Colly* v. *Thomas* (99 Misc. 158); or the determination in *Gaither* v. *Meacham* (214 Ala. 343); *Hough* v. *Iderhoff* (69 Ore. 568); *Priboth* v. *Haveron* (41 Okla. 692); *Watson* v. *Taylor* (35 id. 768); *Altman* v. *Eckerman* (132 S. W. 523, Texas Ct. of Civil Appeals), and *Bishop* v. *Liston* (112 Neb. 559).

The order should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, SCUDDER and TOMPKINS, JJ.

Order setting aside verdict in favor of plaintiff unanimously affirmed, with costs.