GULIELMA A. GLOVER *vs.* CORNELIUS J. CALLAHAN.

Middlesex.   November 4, 1936. — December 27, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Evidence,* Competency, Corroborative, As to credibility of witness. *Assault. Witness,* Credibility.

In a civil action by a girl for an indecent assault, evidence that she had made a voluntary complaint immediately after the assault, and of what she then had said, was admissible to corroborate her testimony without her credibility having first been attacked.

In a civil action by a girl under sixteen years of age for an indecent assault, her consent to the assault was immaterial; she was incapable of consenting as matter of law.

A defendant in an action having himself offered a record showing his conviction of crime and that the case had been placed on file, it was proper for the judge to state to counsel in the presence of the jury that the record showed a conviction, but one which could not be used to impeach the defendant's credibility as a witness.

TORT. Writ in the Superior Court dated September 5, 1929.

The action was tried before *Fosdick,* J. There was a verdict for the plaintiff in the sum of $3,750. The defendant alleged exceptions.

*J. Burke,* for the defendant, submitted a brief.

*K. A. Sanderson,* for the plaintiff.

DONAHUE, J. This is an action of tort to recover damages for an alleged assault by the defendant upon the plaintiff, who at the time was about eight years old. Testimony of the plaintiff and of another girl of the same age, if believed, warranted the finding that the defendant assaulted the plaintiff with the intent carnally to know and abuse her. There was a verdict for the plaintiff. The defendant's bill of exceptions presents to this court exceptions to the admission of evidence, to the refusal of the trial judge to give requested rulings, and to a portion of the judge's instructions to the jury.

After the plaintiff had testified to acts of the defendant at the time of the alleged assault, she further testified on direct examination that, soon after the alleged assault, she told her mother and a police officer the same facts as to which she had earlier testified. There was evidence that the assault took .place between 11:35 and 11:55 A.M. and that the plaintiff's statement to her mother and the police officer occurred between 12:45 and 1 P.M. on the same day. The plaintiff's mother and the police officer testified that after the police officer had talked alone with the plaintiff she then talked with them both, and further testified as to what the plaintiff told them at that conversation. This in substance was the same as the testimony of the plaintiff respecting the acts of the defendant.

The defendant contends that the rule of evidence, which permits in a criminal prosecution for rape or for assault with intent to commit rape or for similar crimes the introduction of evidence of a complaint made by the alleged victim soon after the assault, is not applicable in a civil action brought to recover damages for such an assault. It was said in *Gardner* v. *Kellogg*, 23 Minn. 463, 466, which was an action to recover damages for an indecent assault, that the rule in question "has for its support a foundation equally as firm and reasonable in civil as in criminal actions." The applicability of the rule in civil cases brought to recover damages for such assaults is generally recognized. *Valencia* v. *Milliken*, 31 Cal. App. 533. *Wildeboer* v. *Petersen*, 187 Iowa, 1169, 1183. *Totten* v. *Totten*, 172 Mich. 565, 569. *Bishop* v. *Liston*, 112 Neb. 559, 565. *Dean* v. *Raplee*, 64 Hun, 537. *Hopkinson* v. *Perdue*, 8 Ont. Law Rep. 228, 234. In this Commonwealth "The rules which govern the admission of evidence apply with equal authority and force in criminal and civil proceedings." *Commonwealth* v. *Abbott*, 130 Mass. 472, 473. We see no reason why testimony, admissible against a defendant when being prosecuted for alleged criminal acts, should not be received at the trial of a civil action brought to recover damages for the consequences of those acts. The testimony as to complaints made by the plaintiff was properly admitted if it would have been ad-

missible in a criminal prosecution based upon the same alleged acts of the defendant.

Testimony that an alleged victim of rape or similar outrage made a voluntary complaint of the fact of the assault after the event is generally held admissible in a criminal prosecution. The courts are not in entire accord as to the grounds of admission of such testimony. See Wigmore, Evidence (2d ed.) §§ 1134–1140, 1760, 1761.

In this Commonwealth the ground of admission is held to be the corroboration of the testimony of the complainant as a witness. Although "In general, you cannot corroborate the testimony of a witness by proof that he has said the same thing before, when not under oath," under an exception to this general rule, evidence of an earlier complaint is admissible in cases of this character, not "as part of the *res gestae*, or as evidence of the truth of the things alleged, or solely for the purpose of disproving consent, but for the more general purpose of confirming the testimony" of the victim. "The test is whether, according to the principles of the exception, her having made the complaint tends to corroborate testimony given" by her at the trial. *Commonwealth* v. *Cleary*, 172 Mass. 175, 176, 177.

In order that earlier statements of a witness be admissible to corroborate his testimony given on the stand, it is necessary that he should first in some way have been discredited as a witness. In the ordinary case the discredit must come through cross-examination of the witness or the admission of impeaching evidence through other sources. But where a female witness testifies as to a rape or similar assault upon her the mere absence of evidence of an earlier complaint discredits her. A legitimate argument against her credibility may be made solely on the basis of the absence of evidence of such a complaint. *Commonwealth* v. *Rollo*, 203 Mass. 354. The fact that she did not make a complaint "is proper to be considered on the question of the weight to be given her testimony." *Commonwealth* v. *Piccerillo*, 256 Mass. 487, 491. Such a witness has the right to offer evidence explaining why an earlier complaint was not made, *Commonwealth* v. *Colangelo*, 256 Mass. 165, and her testimony may be dis-

credited if she fails to give a satisfactory reason for the absence of such complaint.

Where, as in this Commonwealth, evidence as to such complaints is admitted for the purpose of corroborating the testimony of the complainant, the whole of the statement made by her, including the details, is admissible. Wigmore, Evidence (2d ed.) § 1138. The question whether such details should be admitted, as well as the mere fact that a complaint was made, was recognized, but did not need to be decided in *Commonwealth* v. *Cleary,* 172 Mass. 175, 176. In *Commonwealth* v. *Gangi,* 243 Mass. 341, 344, it was held that "Evidence as to the complaint made by the assaulted girl to her mother immediately succeeding the alleged crime was admissible." An examination of the original papers in that case discloses that the mother testified to many details of the acts of the defendant in connection with the assault as related to her by the daughter in making the complaint. See also *State* v. *Kinney,* 44 Conn. 153; *State* v. *Pitts,* 126 Kans. 784; *Rex* v. *Osborne,* [1905] 1 K. B. 551; *Queen* v. *Lillyman,* [1896] 2 Q. B. 167.

The testimony of the mother, the police officer and the plaintiff as to the complaint made by her and its details was properly admitted. The various exceptions of the defendant to the admission of this testimony must be overruled.

The defendant excepted to the refusal of the judge to give certain requested rulings to the effect that if the plaintiff consented to the acts of the defendant there was no assault and the plaintiff could not recover damages. The statutory crime of carnally knowing and abusing a female child under the age of sixteen (G. L. [Ter. Ed.] c. 265, § 23), unlike the crime of rape (G. L. [Ter. Ed.] c. 265, § 22), does not require as elements to be proved that the acts of the defendant were done with force or without the consent of the victim. *Commonwealth* v. *Roosnell,* 143 Mass. 32. *Commonwealth* v. *Hackett,* 170 Mass. 194. The matter of the consent of such a child is immaterial under the statute first above cited. That statute makes her incapable, as matter of law, of giving any effective consent. The statu-

tory crime is committed even if it is committed with her full consent. *Commonwealth* v. *Murphy*, 165 Mass. 66. The Legislature as a matter of public policy, for the protection of female children under the age of sixteen, has fixed an age below which a female child is to be held legally incapable of consenting to assaults of this character. The same acts which are made by the Legislature punishable as a statutory crime also do a civil wrong to the victim of such an assault. We think that the principle established by the Legislature is applicable in civil as well as in criminal cases. This result has been reached generally in other jurisdictions. *Gaither* v. *Meacham*, 214 Ala. 343. *Hough* v. *Iderhoff*, 69 Ore. 568. *Priboth* v. *Haveron*, 41 Okla. 692. *Bishop* v. *Liston*, 112 Neb. 559. *Parsons* v. *Parker*, 160 Va. 810. See also *Braun* v. *Heidrich*, 62 N. D. 85. There was no error in the denial of the defendant's requests concerning the effect of consent by the plaintiff and no error in that portion of the judge's charge dealing with that subject.

The police officer having testified without objection that the defendant had been convicted of an assault on the other girl who was present at the time of the alleged assault on the plaintiff, defendant's counsel on cross-examination introduced a certified copy of the record in that case showing it was put on file. Then followed a discussion in the presence of the jury as to whether it was proper to say that a defendant was convicted when his case had been put on file. The defendant excepted to a ruling that it could be said there was a conviction under such circumstances. As to this, the only present contention of counsel for the defendant is, that the jury might have inferred from the discussion that the record introduced by himself could be used to impeach the credibility of the defendant. There is no basis for such a contention. The judge during the discussion plainly stated several times that a conviction of a defendant in a case which had been put on file could not be shown to impeach his credibility.

An exception was taken to the question put to the defendant on cross-examination as to whether he had given candy to the plaintiff and the other girl a week before the

alleged assault. No exception was taken to the answer. The defendant here contends that the question was prejudicial but since he states no ground for that contention and we see none the exception is not further considered. *Universal Adjustment Corp.* v. *Midland Bank Ltd. of London,* 281 Mass. 303, 328.

*Exceptions overruled.*