■ CINDY M. COLON et al., Respondents, v GARY JARVIS et al., Defendants, and SACHEM CENTRAL SCHOOL DISTRICT AT HOLBROOK, Appellant. [742 NYS2d 304] —In an action, inter alia, to recover damages based upon negligent hiring, etc., the defendant Sachem Central School District At Holbrook appeals from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated May 23, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

Between February 1992 and May 1993, the defendant Gary Jarvis (hereinafter Jarvis), a high school teacher for the defendant Sachem Central School District At Holbrook (hereinafter the District), was involved in a consensual sexual relationship with the plaintiff Cindy Marie Colon, who was then a 15-year-old student. Sometime after the relationship ended, Jarvis was arrested, and was eventually convicted, upon a jury verdict, of six counts of sodomy in the third degree, three counts of rape in the third degree, and two counts of endangering the welfare of a child.

The infant plaintiff and her mother commenced this action in 1995 seeking to recover damages against, among others, Jarvis and the District. The plaintiffs alleged, inter alia, that

the District was negligent in its hiring, retention, and supervision of Jarvis. Further, the plaintiffs alleged, among other things, that the District was negligent in monitoring Jarvis's activities at a time when it knew or should have known that he had been involved in meretricious relationships with one or more students, including the infant plaintiff herein.

The District moved for summary judgment dismissing the complaint insofar as asserted against it. Particularly, the District argued, inter alia, that the infant plaintiff would be precluded, as a matter of law, from recovering damages for alleged injuries based upon her consensual sexual conduct with Jarvis pursuant to the rule enunciated in *Barton v Bee Line* (238 App Div 501). Further, the District maintained that since the infant plaintiff could not recover damages from Jarvis for his tortious conduct, the District could not be held liable on a theory of respondeat superior.

The plaintiffs argued in opposition that the District could be held liable for the negligent hiring, retention, and supervision of Jarvis. The deposition testimony of Detective Robin Kane, who was assigned to investigate the criminal allegations against Jarvis in the instant matter, revealed that prior to the situation involving the infant plaintiff herein, she had investigated claims of other female students who had received romantic letters and cards from Jarvis. Detective Kane also stated at her deposition that she learned that a female student forwarded a letter received from Jarvis to her guidance counselor, Mrs. Feinstein, who is no longer employed by the District. According to Detective Kane, Mrs. Feinstein forwarded the letter to the assistant principal, who advised Mrs. Feinstein that he would take care of the situation.

The plaintiffs also cross-moved to take the depositions of Jarvis and Mrs. Feinstein. The Supreme Court, in denying the District's motion for summary judgment and granting the plaintiffs' cross motion, found that the District would not be entitled to summary judgment dismissing the complaint insofar as asserted against it if the District "knowingly kept * * * Jarvis in its employ knowing of prior inappropriate advances toward students," and that the plaintiffs established through Detective Kane's deposition testimony that further discovery may lead to evidence demonstrating the District's knowledge of Jarvis' prior improper conduct.

Contrary to the District's contention, the complaint does not seek to recover damages from the District on the theory of respondeat superior based upon Jarvis' tortious conduct. The District contends that the infant plaintiff would be precluded,

as a matter of law, from recovering damages for alleged injuries based upon her consensual sexual conduct with Jarvis pursuant to the rule enunciated in *Barton v Bee Line (supra)*. However, *Barton* is inapplicable as the complaint alleges that the District was negligent in the hiring, retention, and supervision of Jarvis.

Since there are issues of fact as to whether the District was aware of Jarvis' prior improper conduct toward students, the Supreme Court properly denied the District's motion for summary judgment dismissing the complaint insofar as asserted against it (*cf. Sato v Correa*, 272 AD2d 389; *Avent v Headley*, 252 AD2d 565; *see Kenneth R. v Roman Catholic Diocese of Brooklyn*, 229 AD2d 159; *Mataxas v North Shore Univ. Hosp.*, 211 AD2d 762). O'Brien, Schmidt, and Cozier, JJ., concur.

S. Miller, J.P., concurs, with the following memorandum: I agree wholeheartedly with my colleagues' decision to affirm insofar as appealed from the order denying the motion of the defendant School District for summary judgment, and their conclusion that the holding in *Barton v Bee Line* (238 App Div 501) is inapplicable to the instant action. I add this concurrence solely to observe that, in citing *Barton*, the majority has merely held that it is inapplicable to the case before us. Therefore the question of whether *Barton* should be followed in the future has not been reached.

The issue raised in *Barton* was whether a minor female incapable of consenting to sexual contact pursuant to the governing Penal Law standards of the time (*cf.* Penal Law § 130.05 [3] [a]) could, nevertheless, be capable of consenting to sexual contact for purpose of imposing civil liability against the offending male actor. The *Barton* Court held that "a female under the age of eighteen has no cause of action against a male with whom she willingly consorts, if she knows the nature and quality of her act" (*Barton v Bee Line, supra* at 503). The 15-year-old plaintiff's claim for damages resulting from her alleged rape by a bus driver was barred when the court found she "consented," notwithstanding that the bus driver had been convicted of rape in a criminal proceeding where the complainant was presumed as a matter of law of being incapable of consent.

At the time it was decided in 1933, *Barton* was contrary to the contemporaneous weight of authority from New York (*see Dean v Raplee*, 145 NY 319; *Boyles v Blankenhorn*, 168 App Div 388, *affd* 220 NY 624; *Graham v Wallace*, 50 App Div 101; *Colly v Thomas*, 99 Misc 158), and from many other jurisdictions which did not preclude civil recovery by an underaged

victim for an adult's sexual predations (*see Gaither v Meacham,* 214 Ala 343, 108 So 2; *Herman v Turner,* 117 Kan 733, 232 P 864; *Watson v Taylor,* 35 Okla 768, 131 P 922; *Hough v Iderhoff,* 69 Or 568, 139 P 931; *Priboth v Haveron,* 41 Okla 692, 139 P 973; *Altman v Echerman,* 132 SW 523 [Tex]; *Bishop v Liston,* 112 Neb 559, 199 NW 825; *but see Paul v Frazier,* 3 Mass 71). The weight of later authority likewise generally permits a right of recovery (*see Doe v Orangeburg County School Dist. No. 2,* 335 SC 556, 518 SE2d 259; *Angie M. v Superior Ct. of San Diego County,* 37 Cal App 4th 1217, 44 Cal Rptr 2d 197; *Wilson v Tobiassen,* 97 Or App 527, 77 P2d 1379; *Robinson v Moore,* 408 SW 2d 582 [Tex]; *Johnson v Harris,* 187 Okla 239, 102 P2d 940; *Glover v Callahan,* 299 Mass 55, 12 NE2d 194; *Parsons v Parker,* 160 Va 810, 170 SE 1; *but see Doe v Mama Taori's Premium Pizza,* — SW2d —, 2001 WL 327906 [issue of minor's consent relevant to damages]; *Braun v Heidrich,* 62 ND 85, 241 NW 599 [teenage female "fornicator" ineligible to recover damages for her willing participation in criminal sexual act]; *see generally* Restatement [Second] of Torts § 701). In fact, since *Barton* was decided in 1933, only a single, factually-unique New York case, *Aadland v Flynn* (27 Misc 2d 833, *affd* 14 AD2d 837), has been determined upon its precedential authority. In my opinion, *Barton* was of questionable merit when it was decided, and its holding should be reexamined at the appropriate time.

Cases involving the ability of children to consent to sexual contact, and their civil and criminal liabilities, raise difficult and complex concerns that are the subject of numerous scholarly articles (*see* Phipps, *Children, Adults, Sex and the Criminal Law: In Search of Reason,* 22 Seton Hall Legis J 1 [1997]; Vandervelde, *The Legal Ways of Seduction,* 48 Stan L Rev 817 [1996]; Larson, *"Women Understand So Little, They Call My Good Nature 'Deceit' ": A Feminist Rethinking of Seduction,* 93 Colum L Rev 374 [1993]). Therefore, until such time as this Court is required to determine the complex issue involved, *Barton's* precedential value should not be presumed.