## THOMAS H. DAGGETT v. NANCY A. WALLACE.

### No. 2649.

1. **Breach of Marriage Promise—Pleading.**—In the petition it was averred that the contract to marry was made; the breach of defendant's promise; that by reason of the breach she has sustained the loss of an advantageous matrimonial connection (he

being a man of wealth and social position); and that her affections have been disregarded and blighted, her feelings lacerated, and her spirits wounded, resulting in mental distress and humiliation. *Held,* that the allegations are sufficient to recover.

2. **Same—Seduction.**—The policy of the law refuses to allow the right of the female seduced to recover solely for the seduction, but it is settled by a majority of cases that in an action for breach of a promise of marriage such seduction, if alleged and proved, is proper to be considered in estimating the damages.

3. **Testimony.**—It was not error to permit the plaintiff to testify, "About six months after Christmas, 1876, she became engaged to the defendant." It was testimony to a fact. This became immaterial, as there was testimony to a promise in the fall of 1885, and the suit was brought January, 1886.

4. **Charge.**—It was not error to charge the jury that if they should find from the testimony that, induced by the promise to marry, the plaintiff, within twelve months before the filing of the suit, had submitted to sexual intercourse with defendant, and had become pregnant by him, they might consider that fact in estimating damages.

5. **Limitation—Charge.**—Where there was no dispute as to the fact that the promise was made within one year before the filing of the suit, there was no error in the refusal to charge upon the issue made by the plea of limitation.

6. **Verdict—Damages.**—See facts where a verdict for $7500 damages was not considered excessive.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*B. P. Ayers,* for appellant.—1. The court erred in overruling defendant's general demurrer to plaintiff's petition. Plaintiff, in the first count in her petition, seeks to recover of defendant ten thousand dollars as damages for the breach of an alleged promise of marriage, without showing how or in what respect she was damaged; without averring that she loved defendant, or that she would and could have made to defendant a faithful, true, and affectionate wife. And in the second count she seeks to recover ten thousand dollars as damages for her alleged seduction by defendant. Glasscock v. Shell, 57 Texas, 215; Woodward v. Anderson, 9 Bush, 624; Hamilton v. Lomax, 26 Barb., 615; Paul v. Trozer, 3 Mass., 71; State v. Pierce, 27 Conn., 319.

2. The court erred in allowing the plaintiff to testify over the objection of defendant "that about six months after Christmas, 1876, she became engaged to defendant, and was to be married November 29, 1877." A marriage engagement being a contract, the witness should have stated the facts—the conversation, and not her conclusion as to the effect of the conversation.

3. Defendant pleaded the statute of limitations of one year; evidence of engagements and promises should have been confined to those made within one year next before the filing of plaintiff's petition.

4. In an action by a female for her own seduction, pregnancy is not an element of damages and should not be considered by the jury in estimating damages.

5. If the facts are such that an act of sexual intercourse is seduction,

the cause of action accrues and the statute of limitation becomes operative thereon with the first act of sexual intercourse.   Franklin v. McCorkle, 1 S. W. Rep., 250; Broughton v. Smart, 59 Ill., 442; Wood's Lim., sec. 186.

6.   The court should have limited the jury to the consideration of agreements and promises made to be performed one year from the making thereof.   Rev. Stats., art. 2464, subdiv. 5.

7.   The court erred in rendering judgment upon the verdict of the jury for plaintiff for the sum of seven thousand five hundred dollars, because such verdict and judgment are excessive.   Applegate v. Ruble, 2 A. K. Marsh, 128; Doyle v. Jessup, 29 Ill., 460; Felkner v. Scarlett, 29 Ind., 154; Franklin v. McCorkle, 1 S. W. Rep., 250.

*R. L. Curlock* and *Furman & Stedman*, for appellee.—1.   Whether there is an engagement is a matter of fact and not a conclusion.

2.   A promise to marry existing during several years is a continuous promise, and limitation does not begin to run until a breach.   Wood on Lim., sec. 159.

3.   In an action for breach of promise to marry, the seduction of plaintiff and her resulting pregnancy are proper elements of damage.   Sherman v. Rawson, 102 Mass., 395; Tubbs v. Van Kleet, 12 Ill., 446.

4.   The damages are not excessive.   Wait's Act. and Def., 727; Field on Dam., 430.

HOBBY, JUDGE.—The first assignment, complaining of the court's action in overruling defendant's general demurrer to the petition, we think is without merit; and the statement under it, that the allegations of plaintiff do not show in what respect she was damaged by the alleged breach of defendant's promise of marriage, we do not think is supported by the record.   It is directly averred that by reason of the breach of defendant's promise she has sustained the loss of an advantageous matrimonial connection, he being a man of wealth and social position; and that in addition thereto her affections have been disregarded and blighted, her feelings lacerated, and her spirits wounded, resulting in mental distress and humiliation.   That the plaintiff may recover upon these allegations is well settled.   3 Suth. on Dam., 316, and cases cited.

We do not think that an inspection of the petition will support the second assignment, to the effect that there was error in overruling defendant's exception to the second count in the petition, wherein damages were sought for plaintiff's seduction by defendant.

The special exception referred to in this assignment assails that part of the petition which seeks to recover exemplary damages, and does not direct the court's attention to plaintiff's allegation with respect to defendant's seduction of her.

There is no attempt in the petition to set up a distinct claim for dam-

ages on this ground, and the assignment is not, therefore, well taken. In so far as this exception may be considered as attacking the averment of seduction because it is not a proper element of actual damage in cases like the present, we think it is also untenable. The policy of the law, it seems, refuses to recognize the right of the female seduced to recover solely for the seduction; and this is upon the principle that she is not entitled to satisfaction from her partner in crime for a supposed injury to which she consents. But while this may not afford a separate and distinct ground of recovery, it is settled by the great majority of cases that in an action for the breach of a promise of marriage, such seduction, if alleged and proved, is proper to be considered in estimating the damages. Sherman v. Rowson, 102 Mass., 399; 3 Suth. on Dam., 316.

The reason for this is that it can not be fairly ascertained to what extent the plaintiff is damaged by the breach of the contract or promise without considering the condition in which she is left by the defendant's conduct which is complained of. Kelly v. Riley, 106 Mass., 343.

The third assignment complains of the admission in evidence of the plaintiff's statement that "about six months after Christmas of 1876, she became engaged to the defendant." This was objected to because the witness should have stated facts, and not conclusions as to conversations, but the conversations. If appellant's position be correct, that this was the statement of a conclusion and not a fact, which we are not prepared to admit, still it does not appear to us to be a material error in the case. And it is especially unimportant, we think, in view of the evidence, independently of this statement, relative to the actual promise of marriage by defendant. The testimony shows beyond question that this promise was repeatedly made by the defendant subsequent to the time the witness says they became engaged. The last time the promise was made was in the fall of 1885, and the suit was brought in January, 1886.

The remaining assignments, except the last, relate to the court's charge.

The fourth assignment is that the court erred in charging the jury that "if they believed that within one year prior to the commencement of the suit the plaintiff was induced by reason of such agreement to submit to sexual intercourse with defendant, and that he begot her with child, you may consider that fact in estimating the damages." It is not necessary to say more with respect to this assignment than that it has been already disposed of by what has been said with reference to the allegations of seduction being admissible by way of aggravation in cases of this character. The charge is in substance that that fact if proved may be considered. As we have seen, this is in accord with the authorities on this subject.

The fifth and sixth assignments may be considered together. They complain of the following charge: "Unless you believe, from the evidence, that there was a mutual agreement between the plaintiff and

defendant to marry each other, and that such agreement existed between them on or after the 2d day of January, 1885, you shall find for the defendant."

The objection is that the court should have limited the jury to the consideration of an agreement and promise made, to be performed within one year.

If the jury believed the testimony of the plaintiff, they were fully authorized to find that the promise was made in November, 1885, and was to be performed by Christmas of that year. The petition was filed January, 1886. If the evidence raised any doubt as to whether the promise was to be performed within one year, the defendant should have requested a charge calling the jury's attention to that issue.

The remaining assignment is that the verdict is excessive. It is for $7500. No reason is assigned by appellant in support of this assignment. It is said that " damages in this character of case rest largely in the discretion of the jury, and this discretion is seldom interfered with, and should be in no case except where it is manifest that the jury were influenced by prejudice, passion, or corruption." Field on Dam., sec. 534. " The loss from the disappointment of expectation, including the money value of a marriage which would afford a permanent home and an advantageous establishment to the plaintiff, wounds and injuries to the affections, and the mortification and anguish to plaintiff resulting from the defendant's failure to fulfill his promise, are all to be considered in computing actual damages." Field, *supra*, sec. 72.

Eliminating from this case the element of seduction, we are not prepared to say that the elements last referred to are not sufficient to support the verdict.

There is nothing in the record which would justify us in the conclusion that the verdict was anything but the honest and candid expression of the jury, based upon the facts before them.

We can perceive no error in the record which, in our opinion, would authorize a reversal of the judgment, and we think it should be affirmed.

*Affirmed.*

Adopted November 10, 1889.