HUEMPFNER, Respondent, v. BAILLY, Appellant.

(156 N. W. 78.)

(File No. 3724.　Opinion filed February 1, 1916.)

1.　Pleadings—Liberal Construction of—Motion to Exclude Evidence.

On a motion to exclude evidence, a much more liberal rule should be applied in the construction of pleadings than on demurrer.

2.　Seduction—Complaint—Breach of Promise Involving Seduction—Liberal Construction—Statute—Rape, With, or Without, Seduction—Age of Consent.

Under Code Civ. Proc. Sec. 136, providing that for the purpose of construing a pleading as to its effect, its allegations should be liberally construed with a view to substantial justice between the parties, held, that a complaint which, without denominating them two causes of action, stated facts constituting a cause of action for seduction, and also facts which would have constituted a cause of action for breach of promise of marriage, had it not appeared that defendant was a minor at the time alleged, contained allegations sufficient to constitute a cause of action for seduction, whether the complaint was originally intended as pleading two causes of action, or one cause of action with aggravating circumstances.

3.　Seduction—Age of Consent—Complaint—Statutory Rape, With, and Without, Seduction—Character of Complaint—Right of Action.

Since an action for seduction is based on the fact that consent was produced through seductive promises, held, that, al-

though the complaint showed plaintiff under age of consent at the time of the alleged seduction, yet the objection that, for that reason, she had no cause of action, because no action for damages could be maintained for statutory rape, is not tenable; that there may be statutory rape without, and also where there is, seduction.

4. **Trial—Evidence, Objection to—"Incompetent," "Without Foundation," Sufficiency.**

In an action for seduction, held, that objections to an alleged transcript of testimony of a witness at a criminal trial wherein defendant was charged with statutory rape upon plaintiff, that the transcript was "incomplete," and "without foundation," were insufficient to raise the objection that the absence of a witness on the present trial had not been properly accounted for, but such objections should have been specifically stated.

5. **Evidence—Record of Former Testimony of Cross-Examined Witness—Necessary Foundation—Accounting for Absence of Witness.**

Where a witness on a former trial against defendant for statutory rape, was cross-examined, held, the record of testimony of said witness was competent in a civil suit involving the same parties, after the absence of the witness had been properly accounted for, or failure to so account was waived by defendant through failure to raise proper objection.

6. **Appeals—Error—Evidence, Correctness of Ruling on, How Determined—Unauthenticated Transcript.**

The correctness of a trial court's ruling on evidence must be determined by the record before it at the time the ruling was made. So held, where the objection was that the transcript was not properly authenticated, and does not appear to be an original record; the transcript in the printed record on appeal not showing that it did not purport to be such original or was not properly certified; and such transcript was, under Pol. Code, Sec. 671, prima facie evidence of the testimony therein contained, when properly certified by the reporter who made it.

7. **New Trial—Ruling on Unauthenticated Transcript of Evidence—Motion for New Trial on Affidavits, Propriety of.**

Under Code Civ. Proc., Sec. 302, providing modes of application for new trials, held, that a ruling of trial court admitting a reporter's transcript of testimony objected to as not properly authenticated and as not purporting to be an original record, cannot be presented to the trial court on motion for new trial, through the medium of affidavits.

8. **Appeals—Error—Ruling on Law—Necessity of Assignments of Error Supported by Facts, Affirmative Showing.**

Error of law, involved in a ruling of trial court admitting

a reporter's transcript of testimony in evidence, can only be presented to the Supreme Court upon an assignment and specification of error, which assignment and specification must be supported by a statement of facts in settled record, affirmatively establishing the existence, when the ruling was made, of facts showing errors.

McCoy, J., not sitting.

Appeal from Circuit Court, Roberts County. Hon. CARL G. SHERWOOD, Judge.

Action by Elizabeth J. Huempfner, against Charles W. Bailly, to recover damages for seduction. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Howard Babcock*, for Appellant.

*Anderson & Waddel*, for Respondent.

(2) To point two of the opinion, Respondent cited: Code Civ. Proc., Sec. 119.

(3) To point three of the opinion, Appellant cited: 5 Cyc. 1004, and note; Frost v. Vought, 37 Mich. 65.

(5) To point five of the opinion, Appellant cited: Rice on Evidence, Sec. 138; Rice on Evidence, Sec. 137, 214; Jones on Evidence, Secs. 339, 343, 344, 553.

Respondent cited: State v. Hefferman, (S. D.) 118 N. W. 1027.

(6) To point six of the opinion, Appellant cited: Stern v. People, 102 Ill. 504; Jones on Evidence, Sec. 343; Rice on Evidence, Sec. 214, p. 396; Odell v. Solomon, 55 N. Y. Sup. 410; Kirk v. Mowry, 24 Ohio St. 581; Railroad Co. v. Horan, 131 Ill. 288.

Respondent cited: Jones on Evidence, Par. 893, pocket ed. and cases cited; Caledonia Mining Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; Colbourne v. Ry. Co., 109 Wis. 378, 85 N. W. 354; McCabe v. Des Noyers, 20 S. D. 581.

WHITING, J. This appeal is from a judgment and an order denying a new trial. The only errors assigned are errors of the trial court in admitting evidence, and an error in denying a motion for new trial, which motion was based upon the ground of newly discovered evidence.

[1-3] Appellant objected to the receipt of any evidence in support of the complaint, upon the ground that such complaint

did not state a cause of action. The complaint, without denominating them two causes of action, set forth facts which constituted a cause of action for seduction, and also facts which would have constituted a cause of action for breach of promise of marriage if it had not appeared on the face of the complaint that defendant was a minor at the time when it was alleged that such promise of marriage was entered into. The trial court sustained the objection "as to the cause of action for breach of promise of marriage," and denied it "as to the cause of action for damages." Appellant contends: (1) That there was but one cause of action pleaded—that for the breach of promise aggravated by the seduction—and that the charge of seduction must fall with the other; (2) that, inasmuch as the complaint also showed plaintiff to have been under the age of consent at the time of the alleged seduction, it shows the defendant guilty of statutory rape, and not seduction. There is no merit in defendant's contentions. Upon a motion to exclude evidence a much more liberal rule should be applied in the construction of pleadings than if a demurrer has been interposed (Nerger v. Equitable Fire Ass'n, 20 S. D. 419, 107 N. W. 531); but even upon a demurrer a court would have been bound to have held that there were allegations sufficient to constitute a cause of action for seduction, and this whether the complaint was originally intended as one pleading two causes of action or one cause of action with aggravating circumstances (section 136, Code Civ. Proc.). The logic of defendant's second contention is that a girl who chances to be over the age of consent when seduced can recover damages for seduction; but one who unfortunately is under such age at the time of her seduction has no cause of action, because, forsooth, "no action for damages can be maintained for statutory rape." An action for damages for rape is based upon the fact that the wrong was committed against the will of the injured party; therefore, if the plaintiff consented thereto, she could not recover. But in seduction the action is based on the fact that the consent was procured through the seductive promises; this forms the gist of the action. There may therefore be statutory rape where there is no seduction, and there may be statutory rape where there is also seduction; the allegations of this complaint place this case within the latter class.

[4] Upon the trial the plaintiff offered, and there was re-

ceived in evidence, what purported to be the transcript of the testimony of one Cora Huempfner given at a criminal trial wherein appellant was charged with the crime of statutory rape alleged to have been committed upon the respondent herein. This purported transcript was contained in a bundle of papers, the whole of which was offered in evidence upon the supposition that it was the original record in the criminal case. Preliminary so such offer the clerk of the trial court testified that the bundle of papers was a record of his office, and was the record on appeal to this court in the criminal case above mentioned. The clerk stated he had no personal knowledge of the above facts, the appeal being prior to his coming into the office of clerk of said court, but said that these papers were in the files when he took office. Independent evidence was offered to show that Cora Huempfner did testify in said criminal action. The transcript of her testimony was then read in evidence over appellant's objection that:

It was "incompetent, irrelevant, and immaterial, and that the transcript Exhibit 1 is without foundation, and is not properly authenticated, and does not purport to be an original record either in an action between the said parties or any other action, and that there is no competent evidence showing that the testimony sought to be read in evidence was the testimony given by said Cora C. Huempfner upon the other trial, and that the other trial was between different parties and upon different issues, and that any testimony given upon that trial would not be binding upon the defendant in this case."

The printed statements contained in the briefs upon this appeal do not disclose why Cora Huempfner was not called as a witness in this cause; neither does appellant directly urge this as a ground for reversal, though he does make reference thereto in his brief. To object that the transcript was "incompetent," or even that it was "without foundation," was insufficient. First Nat. Bk. v. Sherman, 9 S. D. 492, 70 N. W. 647; Railway Co. v. Neiswanger, 41 Kan. 621, 21 Pac. 582, 13 Am. St. Rep. 304. If appellant desired to object to this transcript upon the ground that the absence of the witness had not been properly accounted for, his objection should have specifically stated such ground. Without such specific objection appearing of record, we must presume: Either that no proper objection was interposed; or, if interposed,

that the absence of such witness was properly accounted for.

[5] At the trial of the criminal action, appellant had the right, which he exercised, of cross-examining this witness. Evidence of what this witness testified to upon such former trial was therefore competent after her absence had been properly accounted for or lack of such accounting waived through failure to interpose proper objection. Was the testimony of Cora Huempfner material? It was, as it bore directly upon a material question at issue in the present action—the illicit relations existing between appellant and respondent.

[6-8] Under section 671, Political Code, a transcript, properly certified to by the reporter who made the same, is prima facie evidence of the testimony therein reported. Counsel objected to the transcript when offered upon the ground that it was "not properly authenticated and does not purport to be an original record." The proceedings at the trial, as the same appear in the printed record before us, disclosed nothing showing that the transcript did not purport to be an original record or was not properly certified. The correctness of a trial court's ruling must be determined by the record before it at the time the ruling was made. Such ruling presents a question of law, error in which cannot be presented to the lower court, upon a motion for new trial, through the medium of affidavits. Section 302, C. C. P. Such error of law, if any, can only be presented to this court upon an assignment of error based upon some sufficient specification of error. Such assignment and specification must be supported by a statement of facts appearing in the settled record of the proceedings at the trial, which statement affirmatively establishes the existence, at the time the ruling complained of was made, of facts showing such ruling erroneous. If the transcript showed on its face that it was not a record of the clerk's office, or if it showed that it had not been certified to by the stenographer, it was incumbent upon appellant, if he desired to rely upon the objection interposed, to have those facts affirmatively appear in the settled record of the proceedings at the trial and set out in his brief that part of the settled record showing same.

Appellant sought a new trial upon the ground of newly discovered evidence. It conclusively appears from the affidavits submitted upon that motion that, if the transcript received in evidence

was not the original transcript, appellant's counsel was fully aware of that fact at the time of the trial, and his co-called "newly discovered evidence" was, to his knowledge, available to him at that time.

The judgment and order appealed from are sustained.

McCOY, J., not sitting.