ELLA M. BOYLES, an Infant, by ALLEN DEYO, Her Guardian ad Litem, Respondent, *v.* CHARLES BLANKENHORN, Appellant.

Trial — when exception to denial of motion to dismiss for insufficiency of evidence, taken at close of plaintiff's case, is waived by failure to renew motion at close of all of the evidence.

Where at the close of plaintiff's case a motion is made for a non-suit and to dismiss upon the ground of insufficiency of evidence, which being denied, defendant introduces evidence for the purpose of disproving plaintiff's claims and fails at the close of all the evidence to renew the motion to dismiss, and the court submits to the jury all of the questions of fact involved to which the defendant not only takes no exception but specifically requests special instructions to the jury on the question involved, any exception taken by defendant to the denial of his motion at the close of plaintiff's case is waived and he cannot argue the proposition of lack of evidence.

*Boyles* v. *Blankenhorn,* 168 App. Div. 388, affirmed.

(Submitted January 26, 1917; decided February 27, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 12, 1915, affirming a judgment in favor of plaintiff entered upon a verdict.

*Henry J. Crawford* for appellant.

*Richard O. Bassett* and *Smith O'Brien* for respondent.

*Per Curiam.* The only substantial proposition argued by the defendant is the one that there was not sufficient evidence of resistance to permit the jury to find that he committed rape upon the plaintiff.

If that question were before us we should be inclined to hold that this proposition is not well founded, but that there was sufficient evidence of resistance to satisfy the rule laid down in *Dean* v. *Raplee* (145 N. Y. 319).

We do not think, however, that the assignment of error made by the appellant is before us for consideration.

At the close of plaintiff's case a motion was made for a nonsuit and to dismiss the action upon the grounds which included the one now referred to, and to the denial of this motion an exception was duly taken. Thereafter the defendant introduced considerable evidence for the purpose of rebutting and disproving plaintiff's claims. At the close of all the evidence the motion to dismiss the action was not renewed in any form or upon any ground. On the contrary, the trial court submitted to the jury all the questions of fact involved in the controversy, and the defendant not only did not take any exception to this submission, but he specifically requested the trial court to give to the jury special instructions for their guidance in the consideration of the proposition whether the defendant did assault the plaintiff as claimed by her.

Under such circumstances it is well settled that the defendant waived any exception which he took to the denial of his motion at the close of the plaintiff's case, and is not in a position to argue the proposition of lack of evidence as he seeks to do. (*Wangner* v. *Grimm*, 169 N. Y. 421; *Sigua Iron Co.* v. *Brown*, 171 N. Y. 488, 505.)

The judgment should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK, HOGAN and CRANE, JJ., concur; CARDOZO, J., concurs in result.

Judgment affirmed.