No. 25,740.

MILDRED HERMAN, a Minor, by WILLIAM HERMAN, Her Next Friend,
    *Appellee*, v. (B. M. TURNER) I. B. JULIAN, *Appellant.*

SYLLABUS BY THE COURT.

PLEADINGS—*Action for Abortion—Demurrer on Ground of Misjoinder—Demurrer Properly Overruled.* ·The petition stated matter sufficient to constitute a cause of action for damages for seduction by one defendant, and a cause of action against both defendants for damages resulting from abortion. Plaintiff interprets the matter referred to as inducement to the latter cause of action, and disclaims purpose to plead a cause of action for seduction. *Held,* the district court did not commit prejudicial error in overruling the demurrer of the defendant not concerned with the seduction, predicated on misjoinder of causes of action.

Appeal from Lincoln district court; DALLAS GROVER, judge. Opinion filed February 7, 1925. Affirmed.

*Frank L. Martin,* of Hutchinson, *David Ritchie,* and *Omer· D. Smith,* both of Salina, for the appellant.

*John J. McCurdy,* of Lincoln, and *Frank T. Knittle,* of Salina, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages suffered by plaintiff as the result of an abortion produced by defendants. Julian's demurrer to the petition on the ground of misjoinder of causes of action was overruled, and he appeals.

The petition contained a paragraph in which it was charged Turner was responsible for plaintiff's pregnancy, the relationship between Turner and the plaintiff—a child of sixteen years—and the circumstances under which pregnancy occurred ·being stated in some detail. Julian contends he is not concerned with that.cause of action.

The purpose of the pleader is not made. clear by the petition. While plaintiff lived in Turner's home, she was his employee, and not his ward (R. S. 21-901), and her consent to intercourse with Turner was not negatived. She was, however, under the age of consent; Turner was guilty of statutory rape (R. S. 21-424), and according to the weight of authority he was liable to plaintiff in damages even although the criminal act was committed with plaintiff's consent. The reason for the rule is that the statute was designed

to protect girls from the consequences of conduct which, because of inexperience and immaturity, they are not capable of appreciating. If it was the purpose of the pleader to recover from Turner for plaintiff's defilement, Julian's demurrer to the petition should have been sustained.

The abortion statute is designed for the protection of the general public interest, and not for the special protection of a class, as primary object. The reason for civil liability for statutory rape, consented to, does not obtain, and there is authority that consent to an illegal operation bars recovery. (See notes 10, 12, and 14 to article "Consent as Affecting Civil Liability," by Francis H. Bohlen, in Columbia Law Review for December, 1924, Vol. XXIV, No. 8. See, also, 33 A. L. R. 53, 58.) In view of this authority, the pleader, without alleging nonconsent, attempted to state a case of submission to the illegal operation, obtained by deceit. The question before the court is not whether the petition stated a cause of action founded on the abortion, but whether it stated two causes of action, one for seduction and the other for abortion, and if the paragraph relating the circumstances under which pregnancy occurred was inserted merely by way of inducement to show a relationship favorable to overcoming plaintiff's will, but one cause of action was pleaded. Since plaintiff disclaims relief on account of the seduction, and will be bound by that interpretation of her pleading throughout the subsequent proceedings, the court did not commit prejudicial error in overruling the demurrer.

The judgment of the district court is affirmed.