[File No. 5993.]

ELIZABETH BRAUN, a Minor, by Faustinus Braun, Her Guardian, Respondent, v. KARL HEIDRICH, Appellant.

(79 A.L.R. 1221, 241 N. W. 599.)

Opinion filed March 16, 1932.

*Coventry & Thompson,* for appellant.

*Scott Cameron,* for respondent.

BIRDZELL, J. Two actions, one entitled Elizabeth Braun, a minor, by Faustinus Braun, her guardian, against Karl Heidrich, and the other entitled Faustinus Braun against Karl Heidrich, were brought in the district court of Emmons county and tried together. In these actions it was sought to recover damages incident to alleged illegal intercourse, amounting to statutory rape and fornication, between the defendant and Elizabeth Braun. The actions were tried together under a stipulation that whatever verdict was rendered should cover both cases and be final and binding upon both plaintiffs. At the conclusion

of the trial four forms of verdict were submitted to the jury, two to be used in case the jury found for the plaintiffs and two in case they found for the defendant. The jury returned a verdict in each case favorable to the plaintiff and separate judgments were entered. The defendant has appealed from the judgment entered in the case of Elizabeth Braun, a minor, by Faustinus Braun, her guardian. The principal contention on appeal is that as the intercourse appeared to have taken place with the consent of the plaintiff she has no cause of action. The facts may be briefly stated as follows:

Elizabeth Braun testified that she was sixteen years of age on the 5th day of July, 1929; that she was living with her father and mother upon a farm in the Gressmer district of Emmons county, being one of fourteen children in a family consisting of the father, mother, twelve boys and two girls; that at about 1:30 o'clock in the afternoon on the 24th day of June, 1929, the defendant, a boy about the same age as Elizabeth and who lived about three miles distant, came to the Braun farm on horseback; that he put his horse in the barn and approached the house; that at the time the only persons at home were Elizabeth and two of her brothers, four and five years of age. She testified to the defendant coming into the house and narrates the details of the occurrence of two acts of sexual intercourse which took place apparently with her consent. When, sometime afterward, she found that she was pregnant she did not tell her mother or others and when ultimately her mother ascertained her condition she did not tell her who was responsible, but when asked if the defendant was responsible she said "no." Later, however, when she was taken away for confinement she charged the defendant with being responsible and she testified upon the trial that he was the only person with whom she had ever had intercourse. The defendant disputes her testimony as to the acts narrated by her and also denies that he was present on the occasion or that he ever had been alone with Elizabeth. The child was born in Fargo and lived but eight days. Elizabeth was away from home on account of the confinement for approximately two months. Her father had incurred expenses incident to the confinement and the record shows that he was deprived of her services as a member of his household for a period of time.

This is a case of first impression in this state. The decision necessarily depends upon the statutes. In support of the action the respondent cites cases from several jurisdictions where the statute makes a male person having intercourse with a female under a stated age of consent guilty of rape. Such statutes are construed as rendering a female under the prescribed age incapable of consenting. Then, for purposes of civil action, the logical view is taken that regardless of her actual consent the case must be determined as though she had not consented. Gaither v. Meacham, 214 Ala. 343, 108 So. 2, 45 A.L.R. 777; Reutkemeier v. Nolte, 179 Iowa, 342, 161 N. W. 290, L.R.A. 1917D, 273; Herman v. Turner, 117 Kan. 733, 232 Pac. 864; Bishop v. Liston, 112 Neb. 559, 199 N. W. 825; Boyles v. Blankenhorn, 168 App. Div. 388, 153 N. Y. Supp. 466; Priboth v. Haveron, 41 Okla. 692, 139 Pac. 973; Hough v. Iderhoff, 69 Or. 568, 139 Pac. 931, 51 L.R.A. (N.S.) 982, Ann. Cas. 1916A, 247; Heumpfner v. Bailly, 36 S. D. 533, 156 N. W. 78. Our statute defining the crime of rape and fixing the age of consent is susceptible of a like construction (§ 9563, Compiled Laws of 1913; § 9566, Supplement to the Compiled Laws of 1913), and were it not for another provision adopted in 1915 penalizing illicit intercourse as fornication this case might well be disposed of in accord with the cases cited above. This statute, § 9578a, Supplement to the Compiled Laws of 1913 (chapter 159, Session Laws of 1915), so defines the crime of fornication as to make every male and female person not married to each other having voluntary sexual intercourse "separately" guilty of the crime of fornication; and, as if to emphasize the legislative intent that a female person of tender years and of previously chaste character consenting to but one act should be guilty of the offense, the statute says: "A female under eighteen years of age and under age of consent fixed in § 9563 which defines the crime of rape, is nevertheless by her voluntary intercourse guilty of fornication as herein defined." The statute then proceeds to prescribe a penalty for persons over eighteen years of age and to direct that, where persons under eighteen years of age are "accused of said crime," they shall be proceeded against under the provisions of chapter 23 of the Civil Code of Procedure, Compiled Laws of 1913, and acts amendatory thereof, this being the juvenile court law. The juvenile court law

declares that all dependent, neglected and delinquent children under the age of eighteen years shall for the purposes of the act be considered wards of the state and it renders their persons subject to guardianship and to the control of the court. The term "delinquent child" is so defined as to mean "any child who while under the age of eighteen years violates any law of the state . . ., or is guilty of indecent, immoral or lascivious conduct." Comp. Laws 1913, § 11,403. Hence, in the absence of chapter 159 of the Laws of 1915, defining fornication, any girl under eighteen consenting to an act of sexual intercourse was subject to being proceeded against under the juvenile court law as a delinquent child. Chapter 159, therefore, added nothing whatever to the powers of the juvenile court in this respect, except to bring her under another branch of the definition of a delinquent, namely, a person who violates a law of the state. As applied, therefore, to a female under eighteen years of age, the sole purpose of the fornication statute seems to be to characterize her as a person guilty of the crime as defined, notwithstanding she be under the age of consent fixed by the rape statute specifically referred to therein. Her act, in addition to being indecent and immoral, is characterized as a violation of the law of the state.

We have searched the statutes of other states in vain for a like provision. The nearest approach that we have seen is the Oregon statute (1 Oregon Code Anno. 1930, § 14–707), but under that statute only the male is deemed guilty of fornication. We are confident that no such statute exists in any state where the female is permitted to recover damages. In those jurisdictions the basis of the recovery is the injury to one who is incapable in law of consenting. Legally, she is innocent though consenting. But one cannot be held to be incapable in law of consenting to an act the voluntary commission of which is expressly made a violation of law. In our statute it is expressly provided that she is guilty of violating the law even though she be under the age of consent prescribed in another statute which punishes the male for rape. It is not possible, under this statute, to regard her as legally innocent. The statute says she is guilty and it furnishes an insuperable barrier to our regarding her otherwise. In light of this statute the rape statute must be read as fixing the age of consent merely for the

purpose of penalizing the male perpetrator and not for the purpose of establishing the legal innocence of a consenting female.

It must be remembered that both at common law and under our statutes an infant is liable for his torts in like manner as any other person (Compiled Laws of 1913, § 4346), and the fact of voluntary participation in any joint wrongful act would preclude an infant female participant from recovery on common law principles were it not for some statute declaring her to be legally innocent. The rape statute alone would be sufficient for this purpose under the authorities above cited, but when another statute characterizes her act as a voluntary violation of law it is legally impossible to longer regard her as innocent for the purpose of a civil suit.

The majority of the court comes to this conclusion reluctantly. It would prefer to follow what it regards as the more enlightened view which permits an injured female of tender years to recover compensation for the greater injury which she suffers by reason of an act in which she voluntarily participated at a time when she was not mature enough to appreciate the consequences and when she therefore needed the protection of the law. But this court cannot legislate. It must concede to the legislative branch of the government full power to legislate. Neither can this court under the guise of construction refuse to give effect to plain, unambiguous language such as is contained in the statute in question. The statute expressly says that an unmarried female having voluntary sexual intercourse is guilty of the crime of fornication and as plainly as words can speak it says: "A female under eighteen years of age and under the age of consent fixed in § 9563 which defines the crime of rape, is nevertheless by her voluntary intercourse guilty of fornication as herein defined." No sentiment we might entertain can justify the court in saying that this plain language means anything different from what is expressed.

To the suggestion that the above language ought to be given a different meaning in order to avoid a supposed "monstrous situation" that would arise in the case of a man of mature years having sexual relations with an infant of ten years with the latter's consent, there are two obvious, conclusive answers. First, the court cannot legislate and, second, it is the law in this jurisdiction that children over seven

and under the age of fourteen years are presumed to be incapable of committing crime and cannot be held accountable in the absence of clear proof that at the time of committing the act they knew its wrongfulness. Comp. Laws 1913, § 9207. Of course, it would be a question of fact requiring clear proof that a female under the age of fourteen years knew the wrongfulness of the act. If the question of her capacity for crime be answered in the negative, her participation in the act could not be considered criminal within the fornication statute or any other penal statute and for this reason she would not be prevented from recovering civil damages under the principle of this decision.

It follows that the judgment in favor of Elizabeth is erroneous and must be reversed.

CHRISTIANSON, Ch. J., and NUESSLE, and BURKE, JJ., concur.

BURR, J. (dissenting). One of the statutes involved in this case, § 9578a Supp., reads as follows:

"Every male and female person who are not married to each other who shall have voluntary sexual intercourse are separately guilty of the crime of fornication. A female under eighteen years of age and under age of consent fixed in § 9563 which defines the crime of rape, is nevertheless by her voluntary intercourse guilty of fornication as herein defined. Any person over eighteen years of age violating any of the provisions of this act shall be punished by a fine of not more than $100.00 or by imprisonment in the county jail not to exceed thirty days or by both such fine and imprisonment. When any person under eighteen years of age is accused of said crime, such minor shall be proceeded against under the provisions of chapter 23 of the Code of Criminal Procedure of the Compiled Laws of North Dakota for 1913 and acts amendatory thereof.

"Upon proof of the marriage of the guilty parties at any time before conviction, the prosecution under this section shall be dismissed."

The interpretation of this law, as set forth by the majority opinion is, in effect, that any unmarried female under eighteen years of age— even one of ten years of age—who has voluntary sexual intercourse with an unmarried person is guilty of fornication; that the term voluntary

sexual intercourse means "consent" in the same sense in which a woman of mature mind may agree to such an act, and not a legal consent as generally considered in connection with what is known as statutory rape; and because of this consent she is barred from the recovery of damages which may result from the act.

Among the results of such is that a female, ten years of age, is precluded from recovering damages because of voluntary sexual intercourse with a man thirty years of age. I take these ages, not because the female involved in this case was only ten years of age, but to show the result of this interpretation.

Under our statutes where a female ten years of age has voluntary sexual intercourse with a man of thirty years of age it is rape, being based on the theory of her incapacity to consent; nevertheless, under the construction given, such a voluntary act by her is considered fornication, and fornication being a crime her consent to the act precludes recovery of damages.

Again assuming the case of a man of mature age having voluntary sexual intercourse with a female under eighteen, so that because of the interpretation given to "voluntary sexual intercourse" on her part he is charged with fornication and subsequently is informed against for rape may he successfully plead former jeopardy? Where, "there was one act, one intent and one volition and the defendant has been tried on a charge based on such act, intent and volition no subsequent charge can be based thereon though the crime involved in the two proceedings are entirely different." 8 R. C. L. 144. See also State v. Panchuk, 53 N. D. 669, 678, 679, 207 N. W. 991. Of course, this assumes prosecution in the same jurisdiction. So far as the man is concerned it is voluntary sexual intercourse and if the child may consent so as to make it fornication may he again be prosecuted for the greater crime where there is no change in his attitude, his act, his volition or his intent?

Again did the legislature intend to say a girl of ten years of age is guilty of a crime, and not make provision for punishment, or did it intend that in such case there was no crime committed, but such state of morals existed that the child should be placed under the supervision of the Court? We will note this later.

A further result is the serious question is raised whether such inter-

pretation does not wipe out entirely the crime of statutory rape. This law is a later enactment, covering the same identical act—so far as females under eighteen years of age are concerned—and thus to all intents and purposes the same as statutory rape. Section 9563 subd. 1, Comp. Laws says:

"Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: When the female is under the age of eighteen years."

And this statute under consideration says: where a man has sexual intercourse with a girl under the age of eighteen who is not his wife it is fornication, provided she enters upon the act voluntarily. The rape statute makes the act rape even though entered upon voluntarily by the female, so long as she is under eighteen. The fornication statute makes it fornication. Did the legislature, by the use of the term "voluntary sexual intercourse" intend to reduce statutory rape to the degree of fornication?

At the time this law was enacted sexual intercourse, under the circumstances involved, was rape in the second degree,—one of the forms of what is called statutory rape; but the boy would not be convicted if "it appears to the satisfaction of the jury that the female was sufficiently matured and informed to understand the nature of the act, and consented thereto." Comp. Laws, § 9567. The legislature was perfectly familiar with this statute, and when Senate Bill 317, which with amendments eventually became chapter 159 of the Session Laws of 1915 and § 9578a of the Supp., was introduced it read as follows:

"Every male and female person who are not married to each other who shall have voluntary sexual intercourse under circumstances which do not constitute rape or adultery, are separately guilty of the crime of fornication. A female under eighteen years of age and under age of consent fixed in Section 9563 which defines the crime of rape, is nevertheless by her voluntary intercourse guilty of fornication as herein defined. Any person over twenty-one years of age violating any of the provisions of this Act shall be guilty of a misdemeanor. Where such person is under twenty-one years of age the punishment therefor shall be commitment to the state reform school not to exceed one year, in the discretion of the court. Upon proof of the marriage of the guilty

parties at any time before conviction, the prosecution under this Section shall be dismissed."

This was the bill as passed by the Senate without change. Clearly then the Senate intended that where a state of facts constituted rape or adultery it was not to be classed as fornication. The Senate also intended that only one over twenty-one years of age should be "guilty of a misdemeanor."

The bill went to the House and was amended so as to read as it now appears as chapter 159 and such amendments were concurred in by the Senate on the fourth of March. The bill passed the Senate that day and went to the governor who approved it on the eighth of March. While this bill was pending in the Senate there was also pending Senate Bill 187 which eventually became chapter 201 of the Session Laws of 1915. This bill amended § 9567 of the Comp. Laws, defining rape in the second degree and made provisions for rape in the third degree. After some changes made by the House the bill was returned to the Senate, who concurred in the amendments and it was passed by the Senate on March 4, 1915, and was approved by the Governor on March 9, 1915—one day after he approved the bill defining fornication. Thus it is clear that at that time the legislature intended to classify voluntary sexual intercourse between a man and a woman of the age of the parties involved here as rape in the third degree and not fornication, for the legislature by two separate laws, either classified such acts as two separate and distinct crimes—the later one classified it as rape in the third degree—or it intended this later one to modify the former in so far as voluntary consent by the female was concerned, or amended the fornication law by implication. The result as finally determined was that such an act was rape in the third degree, and not fornication; but, if the jury found the female was, sufficiently mature to understand the nature of the act and consented, the man, if under the age of seventeen would be punished by being committed to the reform school.

In 1917 the legislature, knowing that this chapter 159 of the Session Laws of 1915 defining fornication was upon the statute books, amended the law defining rape in the third degree by extending the age of the man involved from seventeen to twenty years of age.

Thus we have the law defining fornication, which the majority of this court says applies to a girl under eighteen, while at the same time the same legislature said that such an act was rape in the third degree, and a subsequent legislature has also carefully defined it as rape in the third degree. At neither session did the legislature seem to think there was any conflict between the laws defining rape in the third degree, and the law defining fornication. This certainly must have been because they did not intend that the statute defining fornication should apply to such a case as this.

Of course, it may be said that the law makes two crimes out of the same act, leaving it to the prosecuting officers to say arbitrarily which charge will be preferred; but certainly this is an anomalous situation, and opens the door to vicious favoritism.

It is true that if the interpretation given be the only reasonable interpretation of the statute of which it is capable, then it is the duty of the courts to say so, and if the legislature has abolished statutory rape, or if the legislature has created a situation whereby a child of ten years of age has no remedy for damages then it is our duty to say so.

I appreciate the fact that this is, in some respects an extraordinary piece of legislation. For instance the law says: "A female under the age of eighteen years of age and under age of consent fixed in § 9563 which defines the crime of rape, etc."—as if there were two different classes—and yet when we examine the section specified we find that the age of consent *is* eighteen so that either one or the other of the phrases is unnecessary.

Now it is true the language of a portion of the statute will bear the construction given by the majority of the court for it says: "A female under eighteen years of age and under age of consent, etc. . . . is nevertheless by her voluntary intercourse guilty of fornication as herein defined." If this were all of the statute it would be difficult to escape from the interpretation given, and the legislature would have placed upon the statute books, by deliberate enactment, a law which makes possible the situations mentioned.

It becomes important therefore to ascertain, if possible, the intent of the legislature, in the enactment of this law.

Prior to the enactment of this law, which is chapter 159 of the Session Laws of 1915, we had no such crime in this State as fornication. Voluntary sexual intercourse between unmarried persons of legal age and not within the prohibited degrees preventing marriage was not a crime. We have a right therefore to assume that the purpose uppermost in the mind of the legislature was to punish sexual intercourse between such persons.

We also may assume that in the incorporation of the provisions set forth in the third and fourth sentences the legislature had in mind the frequent instances where a girl under the age of eighteen, but well developed and lascivious by nature, one who had worldly wisdom and more or less knowledge of human nature, had practically seduced boys or tempted youth. So far as such girls are concerned they are already protected by the law defining rape, because of being under the age of consent yet they could be proceeded against in the Juvenile Court.

But this law quoted does not pretend to punish them for fornication. An examination of this statute shows that there is no punishment prescribed for a boy or a girl under eighteen years of age who has voluntary sexual intercourse with another. The statute provides that where the offenders are under the age of eighteen they will be "proceeded against under the provisions" of the juvenile law. It is true as pointed out in the majority opinion, such boy or girl could be brought before the juvenile court because of indecent or immoral conduct (Comp Laws, § 11,403) and therefore this law does not extend the jurisdiction of the juvenile court in this respect. Irrespectively of this law, therefore, the juvenile court has jurisdiction over such minors for the acts specified.

But such juvenile law makes no provision for punishment nor the determination of crime. While it provides that in case a delinquent child has violated the law of the state the court may, "in its discretion permit such child to be proceeded against in accordance with the laws that may be in force;" but if this were done in the case of fornication and the child sent to the justice court for prosecution, there could be no punishment, because no punishment is prescribed for those under eighteen years of age, unless the provisions of § 9205 of the Compiled Laws apply, to wit: "Except in cases where a different punishment

is prescribed by this code or by some existing provisions of law, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment."

And in that case we would have the remarkable situation that a delinquent child could be punished much more severely than one of mature age.

It seems to me the legislature, despite its language, did not intend that persons under eighteen years of age should be considered criminals under the terms of this statute, because in limiting the procedure against them to the provisions of the juvenile law it thereby limited the status of these persons because the juvenile law says, in § 11,422, "this act shall be liberally construed to the end—in cases of delinquency, that as far as practicable any delinquent child shall be treated, not as a criminal, but as misdirected and misguided and needing aid, encouragement and assistance, . . ."

Thus, when we examine said § 9578a of the Supplement we see that even though the statute does say that "a female under eighteen years of age . . . is nevertheless by her voluntary intercourse guilty of fornication as herein defined" the legislature did not mean that in the sense of branding such person as a criminal; for the legislature did not intend to have such minor punished as a criminal, or declared to be a criminal, in fact retracts the provision making the minor a criminal.

It is true that one under eighteen years of age who violates a law of the land, because of such act may be declared a delinquent child; but there is a vast difference between being declared a delinquent child, being classified as a ward of the State for improvement, protection and education, and being prosecuted in the court for crime. Even though committed to the State Training School because of the violation of law such minor is so committed not as a criminal, but as a misguided and unfortunate child.

I believe this is the better interpretation. As pointed out heretofore the literal interpretation given to the first part of the statute absolutely prevents a girl of ten years from recovering any damages because of sexual intercourse had with a mature man. The fact that

the girl in this case was sixteen years of age does not affect the result of such construction of the statute for any child under eighteen years of age who consents would be as guilty as the girl in this case is said to be.

It may be said that if the girl involved is not to be classed as a criminal neither is the boy. There is no distinction made between the male and female; so far as this crime is concerned; but minors are answerable in damages for torts which they commit even though not considered criminals, but delinquent children. In this case the boy was sixteen years of age, and therefore would be guilty of rape in the third degree at least (§ 9567 Supp.); and though in such case he would be confined "to the reform school for a term of not less than one nor more than three years in the discretion of the court," yet this is imposed as punishment for the offense. His commitment "to the reform school" is in lieu of commitment to jail or the penitentiary.

In sexual matters the legislature has always seen fit to make a distinction between boys and girls of the same age. This has been the avowed public policy of the state for years. Despite the fact that the statute involved says that the female under eighteen is guilty of fornication yet the legislature did not intend that and did not intend that such female should be considered a criminal or be punished as a criminal for such act.

The matter of whether her own act was the real cause of the injury to her is a matter which should be left to the jury in cases where the girl is under the age of eighteen when the jury is determining damages; for clearly the legislature did not intend her to be classed as a criminal even though the language used says so.

It will be noted the view of "voluntary intercourse" held by the majority is based on actual assent and not the legal consent necessary to prevent a crime of rape. Under the statutes defining rape actual, eager assent mentally and actively would not be legal consent.

The sexual intercourse mentioned in the act, and defined as fornication, is exactly the same as constitutes rape, when the girl is under the age of consent. The intent ascribed to the legislature in the enactment of this statute places the parties in this anomalous situation:—if we call the act rape, the female does not consent and there-

fore may recover damages; but if we call it fornication then she did consent and cannot recover damages. Thus if a child of ten years of age brought an action against a man of mature age for damages resulting from sexual intercourse the defendant could set up her consent as a defense, showing her to be guilty of fornication, and therefore precluded from recovery of damages. I prefer a construction of the statute which will prevent any such monstrous situation.