Margene ROBINSON, by Next Friend, et al., Appellants,

v.

Douglas MOORE et al., Appellees.

No. 14512.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 19, 1966.

Rehearing Denied Nov. 23, 1966.

William C. McDonald, San Angelo, for appellants.

Runge, Marschall, Hall & McLaughlin, San Angelo, for appellees.

CADENA, Justice.

This is a suit by plaintiffs, Margene Robinson and her father, J. N. Robinson, against defendants, Douglas Moore and his parents, Kirby Moore and Doris Moore, to recover damages for what plaintiffs' petition describes as the "seduction" of Miss Robinson by Douglas Moore. Plaintiffs appeal from an order of the trial court sustaining special exceptions filed by defendants and dismissing the suit.

According to the allegations in plaintiffs' petition, which, as against special exceptions, must be taken as true, Miss Robinson, relying on the promise of Douglas Moore to marry her, consented to an act of intercourse with him on or about December 25, 1964, at which time she was a chaste female, aged 17. She became pregnant, giving birth to a child on October 3, 1965. The petition, alleging that the parents of Douglas Moore induced Miss Robinson to believe that they wanted her to marry their son, seeks recovery against them as "accessories." Mr. Robinson seeks to recover for medical expenses incurred by him in connection with the confinement of his daughter.

■ The Courts of this State seem committed to the rule that a seduced female may not maintain a civil action against her seducer for the seduction alone. In Daggett v. Wallace, 75 Tex. 352, 13 S.W. 49 (1889), the Supreme Court, after holding that, in a suit for breach of promise to marry, the jury could, in determining the damages to which plaintiff was entitled, consider the fact that she had been seduced by defendant, added: "The policy of the law, it seems, refuses to recognize the right of the female seduced to recover solely for the seduction, and this upon the principle that she is not entitled to satisfaction from her partner in crime for the supposed injury to which she consents." 13 S.W. at p. 50. See also Huggins v. Carey, 108 Tex. 358, 194 S.W. 133, 135 (1917); Nacim v. Ibarra, Tex.Civ.App., 310 S.W.2d 388, 390, wr. ref., n. r. e.; Welge v. Jenkins, Tex.Civ.App., 195 S.W. 272, 274, wr. ref.

Defendants insist that, since plaintiffs' petition does not allege a cause of action for breach of promise to marry, it represents an attempt to recover solely for seduction, and that, under the authorities cited above, our Courts recognize no such cause of action.

In none of the cases relied on by defendants was the plaintiff a chaste female under the age of eighteen. Art. 1183, Vernon's Ann. P.C. In Huggins, plaintiff was a widow, aged 28, and there is nothing in the other opinions indicating that plaintiff was under the age of 18.

Under our statute, carnal knowledge of a female under the age of eighteen is a felony, irrespective of her consent. The Courts in this country have uniformly taken the position that where the defendant's act constitutes a violation of a statute, such as a rape statute fixing the age of consent to intercourse, which has as its primary purpose the protection of a definite class of persons from their own immaturity of judgment, the plaintiff's consent is not a defense to a civil action. Gaither

v. Meacham, 214 Ala. 343, 108 So. 2, 45 A.L.R. 777; Reutkemeier v. Nolte, 179 Iowa 342, 161 N.W. 290, L.R.A.1917D, 273; Herman v. Turner, 117 Kan. 733, 232 P. 864; Bishop v. Liston, 112 Neb. 559, 199 N.W. 825; Boyles v. Blankenhorn, 168 App.Div. 388, 153 N.Y.S. 466, aff'd., 220 N.Y. 624, 115 N.E. 443 (cf. Barton v. Bee Line, 238 App.Div. 501, 285 N.Y.S. 284); Priboth v. Haveron, 41 Okl. 692, 139 P. 973; Hough v. Iderhoff, 69 Or. 568, 139 P. 931, 51 L.R.A., N.S., 982; Huempfner v. Bailly, 36 S.D. 533, 156 N.W. 78; Glover v. Callahan, 299 Mass. 55, 12 N.E.2d 194; Restatement, Torts 2d, § 61. See also Hudson v. Craft, 33 Cal.2d 654, 204 P.2d 1, 7 A.L.R.2d 696, which is, perhaps, an extreme case. There a statute prohibiting unlicensed boxing matches was found to be filled with so many provisions for the protection of the boxers as to indicate an intention to protect them even though they consented.

In Altman v. Eckermann, Tex.Civ.App., 132 S.W. 523, no writ, a case in which the female plaintiff was thirteen years of age, the Court of Civil Appeals said: "Rape of a female gave her a cause of action at common law. Consent, of course, defeats the charge of rape where the party is capable of giving consent; but the appellant being under the age of consent as fixed by our statute, the allegations of appellant's petition show rape by appellee upon appellant, for which she is entitled to her action for damages."

■ Admittedly, the language quoted above may lose some of its effectiveness in view of the fact that the petition in Altman contained allegations that defendant had carnal knowledge of plaintiff by force and without her consent. But we believe that the view expressed in such language subserves the public policy clearly expressed by the Legislature in our rape statute and should be followed.

It has been suggested that to allow recovery by a woman under circumstances

such as those presented by this case creates opportunity for extortion. Note, 7 Ford. L.Rev. 274 (1938). However, it would seem that if a girl under the age of eighteen was bent on extortion, the threat of filing a criminal charge would be as effective as threat of a civil action in inducing a defendant to part with his money.

It follows that the trial court erred in dismissing Miss Robinson's suit insofar as it sought recovery against defendant Douglas Moore.

■ The trial court also erred in dismissing the suit of J. N. Robinson against Douglas Moore for recovery of medical expenses paid by him in connection with the confinement of his daughter. Since Miss Robinson is a minor, she cannot recover for medical bills incurred by her parent. Mercer v. Evans, Tex.Civ.App., 173 S.W.2d 206, writ. ref. Since the parent is liable for the medical expenses in question, he is entitled to recover therefor. Coates v. Moore, Tex.Civ.App., 325 S.W. 2d 401, no writ.

■ However, the trial court correctly sustained exceptions to that part of plaintiffs' petition seeking recovery against defendants, Kirby Moore and Doris Moore. The fact that these defendants induced Miss Robinson to believe that they considered her a desirable wife for their son cannot support the inference, however liberally we construe plaintiffs' pleadings, that they in any way encouraged, aided or abetted their son, or that they had any knowledge of the Yuletide incident which forms the basis of plaintiffs' cause of action.

That portion of plaintiffs' cause of action seeking recovery from Kirby and Doris Moore is severed from the remainder of the suit, and the order of the trial court dismissing plaintiffs' cause of action against those defendants is affirmed. The judgment of the trial court dismissing plaintiffs' suit against defendant, Douglas Moore, is reversed and the cause is remanded for further proceedings.

The costs of this appeal are taxed one-half against plaintiffs and one-half against defendant, Douglas Moore.